# HABERSHAM *v.* SEARS.

SHERIFF'S BOND.—Where a sheriff neglects or refuses to levy an execution in his hands on property of the judgment debtor, and any injury results to the execution creditor from such neglect or refusal, an action may be maintained against the sheriff on his official bond.

MANDAMUS.—Does not lie in such case to compel the sheriff to execute the writ, and especially where there are no circumstances alleged showing the remedy by action against the sheriff and his sureties to be unavailing.

APPEAL from Multnomah County.

*Edward Bingham*, for appellant.

*J. C. Moreland*, for respondent.

By the Court, LORD, J.:

This was an application for a writ of mandamus to compel the defendant, as sheriff of Multnomah county, to levy a writ of execution and to make due return thereof, based substantially upon this state of facts: That on the 22nd day of April, 1884, the petitioner duly recovered a judg-

ment against S. Herman in an action in the circuit court
of Oregon for Columbia county, for one hundred dollars
damages, and costs and disbursements taxed at (about) sixty-
five dollars, and for the possession of certain saw-logs; that
said judgment was duly rendered and entered in said court
on said date; that on or about April 26th, 1884, the peti-
tioner duly caused an execution to enforce said judgment to
issue to the sheriff of Multnomah county, Oregon; that
said execution was duly issued on or about said day, and on
the 28th of April, 1884, it was delivered to said sheriff of
Multnomah county, Oregon, with directions to execute it
forthwith for said damages and costs; that on May 3d,
1884, said sheriff had done nothing with said execution,
and when requested thereafter by the petitioner's attorney,
he neglected and finally refused to execute said writ and still
does so; that said judgment debtor, S. Herman, has ample
personal property, subject to execution, in the city of Port-
land, Multnomah county, Oregon, to satisfy said judgment
and execution; that said sheriff knows of said property and
where it is; that the petitioner is still the owner of said
judgment, and that said execution has not been stayed up
to this time, and that both said judgment and execution
are still in full force and effect; that said S. Herman has
no property in said Columbia county. An order having
been made upon the defendent to show cause, he filed a de-
murrer to the petition on the ground that the facts alleged
were insufficient to authorize the issuance of the writ of
mandamus, which demurrer the court below sustained, and
the plaintiff appeals to this court.

The purpose of a writ of execution is, to authorize the
officer to whom it is directed and delivered, to seize and
hold the property of the debtor for the satisfaction of the
amount ordered to be made by such writ. And, in the ab-

sence of instructions, it is his duty to proceed with reasonable celerity and promptness to execute it in accordance with its mandates. If, at the time of the delivery of the writ, the plaintiff, being apprehensive of the loss of his debt unless it be immediately levied, directs the officer to proceed forthwith, or points out property belonging to the defendant and requests its seizure, it is his duty to make every possible effort to comply with such directions or instructions consistent with a just regard for other duties which may devolve upon him, or he will be answerable for the consequences, if any injury or loss result to the plaintiff by reason of any neglect or omission of such duty. Of course, it is not intended by this to lay down any fixed rule which would be applicable to every action for damages against such officer for negligence, or omission of duty, without regard to the particular facts and circumstances which might be offered by way of defense in 'explanation of his conduct. It is readily admitted that " many facts and circumstances might exist, which would authorize a jury to find that delay in a given case was reasonable, when, if unexplained, the court would not hesitate to hold as a matter of law that it was unreasonable." Our purpose is simply to state the duty which the law imposes upon such officer, and which, in the absence of any explanatory facts and circumstances, would establish, as a matter of law, the clear legal right of the plaintiff to the performance of the duty. (Freeman on Executions, secs. 107, 252; Herman on Executions, secs. 158, 159, 408, and cases cited in notes.) Upon the facts as presented and admitted by the demurrer, it was the legal right of the plaintiff to have the performance of the particular duty which he requested at the hands of the defendant. This is incontestable. But does the refusal of the defendant, or his neglect to perform a duty which the

law imposes upon him, afford sufficient ground for relief by mandamus? Under the code, the office of the writ is precisely the same as it was under the common law. (*Warner* v. *Myers*, 4 Or. 75; *Durham* v. *Monumental S. M. Co.*, 9 Or., 43.) It may be issued to any inferior court, corporation, board, officer or person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office trust or station. * * * The writ shall not be issued in any case where there is a plain, speedy and adequate remedy at law. (Civil Code, sec. 583.) The object of the writ is to prevent a failure of justice, and is based upon reasons of justice and public policy. "The reason why we grant these writs," said Lord Hardwicke, when presiding in the King's Bench, "is to prevent a failure of justice, and for the execution of the common law, or of some statute, or of the King's Charter." (*The King* v. *Wheeler*, Cas. temp. Hardw. 99; S. C. Cunningham, 155.) To the same effect, but more fully, Lord Mansfield expressed himself as follows: "A mandamus is a prerogative writ, to the aid of which the subject is entitled, upon a proper case previously shown, to the satisfaction of the court. The original nature of the writ, and the end for which it was framed, direct upon what occasions it should be used. It was introduced to prevent disorder from a failure of justice, and defect of police. Therefore, it ought to be used upon all occasions where the law has established no specific remedy, and where in justice and good government there ought to be one. Within the last century, it has been liberally interposed for the benefit of the subject and advancement of justice. The value of the matter, or the degree of its importance to the public police, is not scrupulously weighed. *If there be a right, and no other specific remedy, this should not be denied.* (*Rex* v. *Barker*, 3

Brun., 1265. 1267.) In brief, the writ is a summary remedy, for the want of a specific one, where there would otherwise be a failure of justice. (*State, Relation of McClellan* v. *Graves et al.,* 19 Md., 374.) Its object is not to supersede, but to supply the want of a legal remedy. To authorize its issuance, two facts must co-exist, the right to have the particular act or duty performed and the want of an adequate or specific remedy at law. In determining them, the question presented by this record, it is not sufficient to warrant the relief prayed for that the plaintiff has a clear legal right to have the duty performed, but it must also appear that the law affords him no other specific, legal remedy, fully adequate to redress his grievances. Has the plaintiff such a remedy in the ordinary course of the law for the negligence or breach of duty of which he complains? A remedy so complete and adequate as will afford him full compensation for any injury or loss which he may have sustained? If the answer to this question be in the affirmative, there will be no failure of justice and the writ must be denied. At common law, the remedy for negligence or violation of duty by a sheriff or other ministerial officer was by action on the case, although the proceeding, owing to particular facts, often took the form of trespass. In Shearman and Redfield on Negligence, sec. 515, it is said, that "the functions of sheriffs and other officers charged with the execution process are purely ministerial. Their duties are generally prescribed by statute; for their negligence or other official misconduct special statutory remedies are provided; and for particular breaches of duty, special penalties are imposed. Such enactments do not, however, unless by their express terms, supersede the common law liability to which every ministerial officer is subject. Therefore, a statute which gives an action of debt

against a sheriff for an escape, or for neglect to levy an execution, does not impair the common law remedy of action on the case." (Sedgw. on Dam. 443.) A sheriff's bond is unknown to the common law, and derives its existence wholly from the statute. It is provided by the statutes of this state, that the sheriff before entering upon the duties of his office shall give and file an official undertaking in the sum of ten thousand dollars that he will well and faithfully perform the duties of such office. (Gen. Laws, p. 692–3.) Further provision is also made by the code for actions on official undertakings, (secs. 337, 338, 339,) and for escapes, and the liabilities of sheriffs therefor, (secs. 970, 971, 972,) and also the time within which an action against a sheriff shall be brought for an omission of official duty, (sub. 1, sec. 7.) It thus appears that if the plaintiff has suffered any loss from the failure or refusal of the defendant to make the levy, the law affords him a specific remedy against the defendant directly, or on the bond given by him for the faithful discharge of his duty and against the sureties whose undertaking was co-extensive with the duties of the sheriff. The sufficiency of the remedy by an action against the sheriff and his sureties upon his official bond to fully indemnify the party aggrieved is well illustrated by the case of *Miller* v. *State, ex rel. Harrington, et al.*, 61 Ind. 503, in which the facts were stronger than here, and showed that the officer not only failed and refused to make the levy, though requested so to do and the property pointed out to him, but returned the execution unsatisfied. No resort was had to this extraordinary writ of mandamus, for the reason that the law supplied an adequate remedy and one better suited to determine the right and justice of the case. To the rules or principles governing actions for negligence or omissions of duty of officers, either directly against the officer or upon

his official bonds, it is not necessary now to advert.    Upon this subject generally, see Shearman and Redfield on Negligence, secs. 515-548; Sedg. on Dam., 443-482; Freeman on Executions, secs. 107, 252; Herman on Ex., secs. 407 and 408.    Our purpose is simply to show that the law furnishes a specific remedy, fully adequate, to redress the grievances of which the plaintiff complains, and thus prevent a failure of justice.    By resort to this, his rights will be protected, and any injury or loss he may have suffered be redressed or fully compensated.    When the law furnishes such remedy, it is a complete bar to relief by the writ of mandamus.    The judgment must be affirmed.

Judgment affirmed.