Argued September 15, decided September 23, 1913.

## DAVIS *v.* LOW.

(135 Pac. 314.)

**Homestead—Nature of Exemption.**

1. Only those entitled to it may claim the homestead exemption given by Sections 221–223, L. O. L.

**Mechanics' Liens—Property Subject to Lien—Homestead.**

2. Under Sections 221–223, L. O. L., providing that the homestead of any family shall be exempt from judicial sale for the satisfaction of any judgment, that in no instance shall it be reduced to less than one lot, but that the act shall not apply to decrees or the foreclosure of any mortgage executed by the husband and wife, a family homestead is not subject to a mechanic's lien, there being no exception in favor of such lien.

**Homestead—Waiver of Homestead.**

3. The homestead exemption may be waived or relinquished by abandonment or conveyance, so that the property will be subject to levy and sale under execution upon a judgment had against the owners.

　　[As to what constitutes an abandonment of a homestead, see notes in 60 Am. Dec. 607; 102 Am. St. Rep. 388.]

**Homestead—Sale of Excess—Burden of Proof.**

4. In view of Sections 224, 225, L. O. L., providing that, whenever any officer shall levy upon a homestead, the owner shall claim it as such, whereupon the officer shall notify the creditor, and, if such homestead shall exceed the minimum, it may be appraised, and all lands in excess of $1,500 sold, or in lieu of such proceedings the creditor may at any time pay the execution debtor the sum of $1,500, and proceed to sell the homestead, a creditor desiring to subject a homestead to a mechanic's lien, on the theory that its value was in excess of $1,500, has the burden of proving such value.

From Klamath: HENRY L. BENSON, Judge.

Department 2.    Statement by Mr. Justice Eakin.

This is a suit by Howard E. Davis against C. C. Low and Lena Low, to foreclose a mechanic's lien.    The plaintiff performed work as a carpenter in building an addition to defendants' dwelling-house, situated on two lots in the town of Klamath, in the amount of $172.50, $80 of which has been paid.    One Bodach entered into a contract with defendant C. C. Low to build the addition for $705,    and    the    plaintiff    was    employed    by Bodach.

Defendants make two defenses: (1) That the property upon which the work˙ was performed was the homestead of the defendants, and not subject to a mechanic's lien; (2) that the plaintiff was a partner of Bodach in the contract, although C. C. Low contracted with Bodach alone.    The Circuit Court found that plaintiff was not a partner of Bodach, but was employed by him, and, although no special mention is made in the findings of the contention of defendants that the homestead is not subject to a mechanic's lien, gave a decree that the plaintiff has a lien on the property, and foreclosed it, from which defendants appeal.

REVERSED : SUIT DISMISSED.

For appellants there was a brief over the names of *Mr. H. M. Manning* and *Mr. John Irwin,* with an oral argument by *Mr. Manning.*

For respondent there was a brief over the names of *Mr. J. C. Rutenic* and *Mr. Joseph S. Kent,* with an oral argument by *Mr. Rutenic.*

Mr. Justice Eakin delivered the opinion of the court.

We will first dispose of the question of the lien against the homestead.   Section 221, L. O. L., pro-

vides: "The homestead of any family shall be exempt from judicial sale for the satisfaction of any judgment hereafter obtained. * * " Section 222 proceeds: "Such homestead shall not exceed $1,500 in value, nor exceed * * one block; but in no instance shall such homestead be reduced to less than    * * one lot, regardless of value." Section 223 specifies that the act shall not apply to decrees for the foreclosure of any mortgage, but that the mortgage must be executed by husband and wife. There is also provision as to how and when the homestead exemption may be claimed, and the proceeding to be had by which the excess may be applied in case the homestead is of greater value than $1,500.

1. It has been held by this court that the homestead is an exemption only in favor of those entitled to it: *Mansfield* v. *Hill,* 56 Or. 400 (107 Pac. 471, 108 Pac. 1007).

2. It is also said that, where the statute creating the homestead exemption contains no exception in favor of a mechanic's lien, there can be no lien on the homestead: Boisot, Mechanics' Liens, § 135. In 21 Cyc. 518, it is said that, if the homestead laws contain no exception in favor of debts created in making improvements, the court can make none, and the homestead is liable only for such a lien when the exemption is waived in favor of it, which must be by the signature of the husband and wife to the contract: Boisot, Mechanics' Liens, § 141; 21 Cyc. 519; *Roberts* v. *Riggs,* 84 Ky. 251 (1 S. W. 431); *Fallihee* v. *Wittmayer et al.,* 9 S. D. 479 (70 N. W. 642); *Lippencott* v. *York,* 86 Tex. 276 (24 S. W. 275); *Lignoski* v. *Crooker,* 86 Tex. 324 (24 S. W. 278, 788). Execution upon judgment for the labor or material improvements on a homestead are within the class from which the homestead is exempt.

3. The exemption, however, may be waived or relinquished by abandonment of the homestead, or by a conveyance, as held in *Hansen* v. *Jones,* 57 Or. 416

(109 Pac. 868), where the law is held to be only an exemption from attachment and judicial sale. Therefore a creditor may, if the debtor is otherwise liable for the debt, reduce his claim to judgment, and have it entered upon the judgment docket, and, if the homestead be abandoned or lost in any way, the property will be subject to levy and sale: 15 Am. & Eng. Ency. of Law (2 ed.), 621. It would probably be too late for a debtor to claim the homestead exempt from levy and sale on execution after a court has declared the debt to be a lien upon the property and decreed a sale thereof. The sheriff would be bound by the direction of the writ. We conclude that under our homestead exemption law the homestead is not subject to a mechanic's lien.

4. At the hearing some discussion was had as to plaintiff's right to a lien upon the property over and above the homestead value of $1,500; but there was no issue tendered as to that question. Plaintiff has tried the case upon the theory that the homestead is not exempt from liability upon a mechanic's lien. It was conceded, at least at the hearing, that the property is the homestead of the defendants, and there was no allegation that it was worth more than $1,500, nor evidence offered upon that question. What plaintiff's remedy might be in a case like this, if the homestead were of greater value than $1,500, it is not necessary now to determine. By Sections 224, 225, L. O. L., the burden as to these questions seems to be upon the plaintiff. The question of the value of the homestead was not presented. Therefore plaintiff has no remedy in this proceeding.

The decree is reversed and the suit dismissed.

REVERSED: SUIT DISMISSED.

MR. JUSTICE BEAN and MR. JUSTICE MCNARY concur.

MR. CHIEF JUSTICE McBRIDE not sitting.