In re BARDE et al.

(Circuit Court of Appeals, Ninth Circuit. July 20, 1915.)

No. 2497.

1. HOMESTEAD ⬡⬡67—PROPERTY CONSTITUTING HOMESTEAD—VALUE.

L. O. L. § 221, exempts the homestead of any family from judicial sale for the satisfaction of a judgment. Section 222 provides that the homestead shall not exceed $1,500 in value, nor 160 acres in extent, if not located in a town or city laid off into blocks and lots; that, if so located, it shall not exceed one block, but that in no instance shall it be reduced to less than 20 acres nor one lot, regardless of value. Section 224 provides that, on notice to the officer making a levy of the claim of homestead, the officer shall notify the creditor; that if the homestead shall exceed the minimum, and he deem it of greater value than $1,500, he may direct the sheriff to select three disinterested householders to appraise the homestead, commencing with the 20 acres or lot upon which the dwelling is located, and appraising such lot or 20 acres separately; that if the same exceed $1,500 the sheriff shall sell all in excess of $1,500 in lots, or subdivisions as directed by the debtor, if he chooses to direct, or otherwise, so as to leave the homestead as compact as possible. Section 225 provides that in lieu of such proceedings the creditor may pay the debtor the sum of $1,500 and proceed to sell the homestead. *Held*, that a single lot with a dwelling house thereon is exempt as a homestead, though its value exceeds $1,500, as this is the meaning of section 222 when read as a whole, and sections 224, 225, merely provide means of enabling the creditors to obtain the excess in those cases only where the homestead is greater in extent and value than the limit prescribed by section 222.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 94; Dec. Dig. ⬡⬡67.]

2. HOMESTEAD ⬡⬡63—PROPERTY CONSTITUTING HOMESTEAD—VALUE—"LOT."

Within L. O. L. § 222, providing that the homestead shall not be reduced to less than 20 acres nor one lot, regardless of value, the word "lot" means a lot of the dimensions prescribed by the map or plan of the city or town within which the homestead may be situated.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 91; Dec. Dig. ⬡⬡63.]

For other definitions, see Words and Phrases, First and Second Series, Lot.]

Petition to Review an Order of the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

⬡⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In the matter of M. Barde and another, individually and as partners as Barde & Levitt, bankrupts. On review of a judgment or order setting aside exempt property. Affirmed.

Bauer & Greene and A. H. McCurtain, all of Portland, Or., for trustee and petitioner.

Giltner & Sewall, of Portland, Or., for respondent.

Before GILBERT and MORROW, Circuit Judges, and VAN FLEET, District Judge.

VAN FLEET, District Judge. This is a petition to review an order of the court below setting aside to the individual bankrupt, Barde, as exempt from the claims of his creditors, certain premises occupied by himself and family as a dwelling place and claimed by him as a homestead, consisting of one city lot in the city of Portland, with the dwelling house thereon, of the ascertained value of $12,000. The controversy arises on the contention of the trustee that the award is in excess of the exemption to which the bankrupt is entitled under the homestead law of Oregon; and the question is purely one of law, dependent upon the construction of the act, the facts being in no respect in controversy.

[1] The sections of the act affecting the question are found in chapter 2, title 3, vol. 1, Lord's Oregon Laws, and are as follows:

"Sec. 221. Homesteads Exempt—Must be Actual Abode.—The homestead of any family shall be exempt from judicial sale for the satisfaction of any judgment hereafter obtained. Such homestead must be the actual abode of, and owned by such family or some member thereof.

"Sec. 222. Extent of Homestead Exemption.—Such homestead shall not exceed $1,500 in value, nor exceed one hundred and sixty acres in extent, if not located in town or city laid off into blocks and lots; if located in any such town or city, then it shall not exceed one block; but in no instance shall such homestead be reduced to less than twenty acres nor one lot, regardless of value."

"Sec. 224. Claim of Homestead, upon Levy—Appraisement.—When any officer shall levy upon such homestead, the owner thereof, wife, husband, agent or attorney of such owner, may notify such officer that he claims such premises as his homestead, describing the same by metes and bounds, lot or block, or legal subdivision of the United States; whereupon such officer shall notify the creditor of such claim, and if such homestead shall exceed the minimum in this act, and he deem it of greater value than $1,500, then he may direct the sheriff to select three disinterested householders of the county, who shall examine and appraise such homestead, under oath, commencing with the twenty acres or lot upon which the dwelling is located, appraising such lot or twenty acres separately; and if the same exceed $1,500, then the sheriff shall proceed to sell all in excess of $1,500 by lots or smallest legal subdivisions, offering them in the order directed by the judgment debtor, if he chooses to direct; otherwise, he shall sell the same as aforesaid, so as to leave the homestead as compact as possible.

"Sec. 225. When Execution Creditor may Sell Homestead.—In lieu of the proceedings aforesaid, the execution creditor may at any time pay the execution debtor the sum of $1,500, and proceed to sell the homestead as he might heretofore have done, adding the said $1,500 to his lien, but the money aforesaid shall be exempt from execution."

The contention of petitioner is, in substance, that in determining the extent of the exemption granted the above sections are all to be construed together, and that when so construed they limit the right of

homestead to premises which shall in no instance exceed in value the sum of $1,500; that if they are found to exceed that limit of value they are to be cut down to the extent of the excess, such excess to be subject to the rights of creditors; that if of a character not susceptible of being divided, they may be sold and an award of $1,500 made to the homestead claimant in lieu of the homestead, the excess realized to go to the creditors.

The District Court proceeded upon the theory that the extent and character of the homestead right was fixed and determined by the provisions of section 222 alone, and that, as the premises claimed by the bankrupt fell within the limitations of that section as not exceeding one city lot, it was without discretionary power to refuse to set it aside. Our consideration of the question induces the conviction that the view adopted by the learned District Judge was the correct one, and his conclusion the only one reasonably to be deduced from the language of the act. The Supreme Court of the state has never construed the provisions defining the exemption, and it is not without some justification that counsel for petitioner say in their brief that:

"The language in which that intention is attempted to be expressed is like nothing else ever before enacted, and the case is therefore one of first impression."

But while its terms in many respects are not happily chosen, and it undoubtedly is in some of its features open to the objection of ambiguity, we are satisfied that those defects in no material respect affect the particular features involved in the question here presented.

[2] Section 221 is not very material here; it merely declares the exemption of the homestead from forced sale and the requisites of occupation and ownership. Then comes section 222. This section is very obviously the substantive feature of the act so far as defining the extent and character of the homestead is concerned, and although it certainly is not, as claimed by respondent, "as clear as language could make it," it is, we think, clear enough to disclose the legislative intent. Read as a whole, it can only mean this: A homestead may consist of as much as, but not more than, 160 acres of land if outside a city or town "laid off in lots and blocks," or of an entire block of land if within such a city or town, provided that in neither instance it exceed in value the sum of $1,500; if it exceed that value, and includes an area of more than 20 acres of land or one lot, the excess may be taken by the creditors, *but* not to an extent which will reduce it below such minimum limit of 20 acres of land or one lot in extent, "regardless of value"—that is, irrespective of the value of such 20 acres or such lot; the designation "lot" manifestly referring to a lot of the dimensions prescribed by the map or plan of the city or town within which the homestead may be situated. There is no room for any other construction of the section as a whole. While the first paragraph, standing alone, would indicate that the limit as to value was intended to apply in all instances, the closing paragraph clearly and positively negatives that idea; the language, "but in no instance shall such homestead be reduced to less than twenty acres or one lot, *regardless of value*," being too plain and unequivocal to be ignored or avoided.

Petitioner concedes the correctness of this construction, if the extent of the exemption intended by the Legislature depends on section 222 alone; but he insists that sections 224 and 225 cannot be laid out of view in determining that question, and calling attention to the provisions of those sections, and particularly to the language of section 225, that the creditor "may at any time pay the execution debtor the sum· of $1,500, and proceed to sell the homestead as he might heretofore have done," and that the money "shall be exempt from execution," he argues that:

"If the Legislature literally meant that in no event should the homestead be reduced to less than one lot, this section serves no purpose."

But, as we have indicated, the language of section 222, in defining the exemption, is too plain and unambiguous to be construed away; and, moreover, that sections 224 and 225 were not intended to in any way limit the right granted by section 222 is, we think, obvious. As clearly indicated by their terms, their function is to provide means of enabling the creditors to have the benefit of the excess in an instance, and only in an instance, where the homestead as claimed is found to be greater in extent and value than the limit prescribed by section 222. It is only where (section 224) "such homestead shall exceed the minimum in this act," and the creditor "deem it of greater value than $1,-500," that he is entitled to proceed under either of these sections— section 225 giving merely an alternative mode of procedure based upon the same conditions as to extent and value as are required by section 224. Where such excess in extent and value appear, then and then only do these sections come into play. Here, the property not being beyond the right given by section 222, we are not concerned with those sections, nor the inconsistencies or incongruities urged upon our attention as arising between them, nor called upon to reconcile such if they exist.

If the conclusion reached shall be deemed to work an injustice to the creditors, the remedy is with the Legislature, since the court is circumscribed by the law as it finds it.

The judgment or order under review is affirmed.