Argued on demurrer September 25, sustained October 3, 1917.

# JOHNSON *v.* TUCKER.

### (167 Pac. 787.)

**Mechanics' Liens—When Perfected—Effect of Filing.**

1. Although a mechanic's lien takes its origin with the furnishing of labor or materials, it is not perfected until the notice or claim of lien is filed, whereupon it relates back to the beginning when the work commenced or the materials were furnished.

**Mechanics' Liens—Necessity of Foreclosure.**

2. A mechanic's lien must be foreclosed by suit in which a decree is rendered as in other suits.

**Mechanics' Liens—Decree—Effect.**

3. Decree of foreclosure of mechanic's lien is not different from others as to its effect upon property, and as there are no exceptions in the homestead laws in favor of such decree, it affects them in the same manner as other judgments or decrees.

> [As to divestiture of judgment lien by subsequent occupation of land of or homestead purposes, see note in Ann. Cas. 1913B, 1147.]

**Homestead—Claim of Homestead.**

4. Section 221, L. O. L., providing that the homestead of any family shall be exempt from judicial sale for the satisfaction of any judgment hereafter obtained, does not impair a mechanic's lien upon the homestead premises, but merely suspends its execution if the owner of the homestead claims the exemption.

**Mandamus—Judicial Acts—Preservation of Homestead.**

5. Plaintiffs sued to foreclose a mechanic's lien. They secured decree, and execution was placed in the hands of the sheriff. The owner sued to enjoin the sheriff from selling the property on the ground that it was her homestead which she had claimed by due notice under Section 224, L. O. L. Injunction was granted. Plaintiffs then applied for *mandamus* to compel revocation of the injunction and levy of the execution. *Held,* that as the judges had authority judicially to hear and determine the suit instituted to preserve the homestead, and as under Section 613, L. O. L., *mandamus* does not control judicial discretion, the writ could not be granted.

**Mandamus—Function of Writ.**

6. In such case, *held* that *mandamus* could not issue against the sheriff to compel the execution, since if he wrongfully refused to levy it, plaintiffs had a remedy upon their bond.

## Original proceeding in Supreme Court.

In Banc.   Statement by MR. JUSTICE BURNETT.

The plaintiffs here instituted a previous suit in the Circuit Court of Multnomah County against Josephine Paulson to foreclose mechanics' liens which they claimed for labor and material furnished and which were used in the construction of a dwelling-house for her. From a decree in that suit in favor of the plaintiffs the defendants appealed, but the decision of the Circuit Court was affirmed after slight modifications and a mandate of this court was issued and directed to that court substantially requiring it to enter a decree in accordance with the opinion rendered, order a sale of the property, and in case such sale should fail to pay all the amounts mentioned in the decree, together with interest, cost of sale, and the costs and disbursements of the court below, it should enter judgment against the defendants in that case and their surety for such deficiency. In this original proceeding here for a writ of *mandamus* that document discloses the history of the proceedings up to the point indicated, and further states in substance that the Circuit Court entered the mandate as required; that an execution was issued thereon and placed in the hands of the present defendant Hurlburt, who is sheriff of Multnomah County; that he offered the property for sale after due notice thereof and struck it off to the husband of Josephine Paulson, he being the highest bidder for the property, but that, he having refused to pay his bid, another execution was issued on the decree. At this juncture Josephine Paulson commenced a suit in equity against the sheriff to enjoin him from attempting to sell the property on the ground that at the time of the issuance of the execution and his attempt to sell, she was residing on the property in the

house in question and by due notice to the sheriff, claimed it as her homestead and that of her family. That suit was heard in the Circuit Court before the defendant Tucker as one of the judges thereof, and a decree was entered therein according to the prayer of the bill restraining the sheriff from selling the property on the grounds that it was a homestead as alleged. The alternative writ of *mandamus* issued out of this court recites the history of the affair substantially as indicated, but more in detail, requires the two defendants who are circuit judges to revoke the decree of injunction and allow the sheriff to proceed with the sale and commands the latter officer to sell the realty as directed by his writ. All the defendants were given the option of adducing any valid reason why they have not obeyed the present writ of *mandamus*. Called upon to show cause why it should not be made peremptory the defendants have demurred generally.

DEMURRER SUSTAINED.

For plaintiffs there was a brief over the names of *Messrs. Hall & Lepper, Messrs. Asher & Johnstone, Messrs. Lewis & Lewis* and *Messrs. Angell & Fisher,* with oral arguments by *Mr. Arthur H. Lewis* and *Mr. H. D. Angell.*

For defendants there was a brief and an oral argument by *Mr. L. P. Hewitt.*

MR. JUSTICE BURNETT delivered the opinion of the court.

"The homestead of any family shall be exempt from judicial sale for the satisfaction of any judgment hereafter obtained. Such homestead must be the actual abode of, and owned by such family, or some member thereof": Section 221, L. O. L.

"When any officer shall levy upon such homestead, the owner thereof, wife, husband, agent or attorney of such owner, may notify such officer that he claims such premises as his homestead * * ": Section 224, L. O. L.

1–4. Although a mechanic's lien takes its origin with the furnishing of labor or materials it is not perfected until the notice or claim of lien is filed, whereupon it relates back to the beginning when the work commenced or the materials were furnished. It is still necessary to foreclose such a lien by suit in which a decree is rendered as in other suits for such purposes. The decree thus rendered is not different from others in its effect upon the property and there being no exceptions in the homestead laws in favor of such determination it affects them in the same manner as in other judgments or decrees. The operation of the statute under consideration is not to impair the lien, but only to suspend its execution and then only at the claim of the owner of the homestead. This is the doctrine of *Hansen* v. *Jones,* 57 Or. 416 (109 Pac. 868). It is taught also in *Davis* v. *Low,* 66 Or. 599 (135 Pac. 314), that an execution upon a judgment for labor or material improvements upon the homestead are within the class from which the homestead is exempt. The statute creating this exemption, after defining the right, gives to the owner of the homestead the privilege of claiming the same at least as late as the levy of the execution. In any event he is not required to make the claim until after decree. It is a means of resistance against the execution. In a sense it is a post judgment privilege and it is not required that the same shall be asserted as a defense against the cause of suit or action which ripens into a judgment or decree.

It is true that it was said *arguendo* in *Davis* v. *Low,* 66 Or. 599 (135 Pac. 314):

"It would probably be too late for a debtor to claim the homestead exempt from levy and sale on execution after the court has declared the debt to be a lien upon the property and decreed a sale thereof."

This excerpt, not necessary to the decision in that case, is controlled by the reasoning in the previous holding in *Hansen* v. *Jones,* 57 Or. 416 (109 Pac. 868), as well as by the opinion in *Wilson* v. *Peterson,* 68 Or. 525 (136 Pac. 1187), where Mr. Justice BEAN, applying the rule of liberal construction to the statute granting the exemption in question, decides that it may be claimed at any time before sale of the property. The deduction is that a decree foreclosing a mechanic's lien may be a charge upon a homestead in like manner and with like effect as upon other realty subject to having its execution suspended by the claim of the owner of the land and to remain thus in abeyance as long as it continues to be a homestead as defined by the enactment.

5. The courts are, as of right, open to protect the homestead right whenever it lawfully shall be exercised, and the judges had authority judicially to hear and determine the suit instituted to preserve it. It is laid down in Section 613, L. O. L., that *mandamus* does not control judicial discretion. The judicial officers in question had jurisdiction to determine the questions presented in the suit for injunction and whether they decided that question rightfully or wrongfully it matters not in this case. To determine in this proceeding the correctness of their decision, having the parties and subject matter before them by appropriate process, would be to make the writ of *mandamus* perform

the office of an appeal, a conclusion not to be entertained. The demurrer to the writ is therefore sustained as to the defendants Tucker and Kavanaugh, who are judges of the Circuit Court.

6. The same conclusion must be reached respecting the defendant Hurlburt, the sheriff, but upon different grounds. In *Habersham* v. *Sears,* 11 Or. 431 (50 Am. Rep. 481, 5 Pac. 208), the defendant sheriff had refused to levy an execution in his hands in favor of the plaintiff although the debtor in the writ had ample property which was pointed out to the officer. The plaintiff sought by a *mandamus* to compel him to levy and sell, but in an opinion by Mr. Justice LORD, this court held that the writ would not lie, there being a remedy upon the sheriff's bond. It is urged, however, that this precedent does not apply in the present juncture because the sheriff has been enjoined from proceeding with the sale. We note, however, that he has process in his hands in favor of the plaintiffs commanding him to make the money on their decree. As between himself and them in order to avoid the discharge of his duty as required, or to escape liability upon his bond he must show that some obstacle binding upon them was interposed to prevent his executing the writ. They were not parties to the suit to enjoin him at the instance of Josephine Paulson, hence the decree would not conclude them nor affect them in any manner. The sheriff had an opportunity to make them defendants in that suit or to call upon them to defend the same. Having done neither of those things if he were summoned to defend their action upon his official undertaking he would necessarily have to assume the burden of showing the ultimate fact that the property in question was the homestead of Jose-

phine Paulson and that she claimed the same at the proper time as exempt from execution. The decree between the sheriff and Josephine Paulson alone cannot affect strangers to that adjudication. The allegations of the writ do not exclude the possibility of a remedy at law adequate and sufficient by an action upon the sheriff's bond and hence under the authority of *Habersham* v. *Sears,* 11 Or. 431 (50 Am. Rep. 481, 5 Pac. 208), the demurrer to the writ must be sustained as to him.                    Demurrer Sustained.