Argued January 8; reversed January 26, 1932

## WILLAMETTE COLLECTION & CREDIT SERVICE *v.* HENRY

(7 P. (2d) 261)

*C. A. Wintermeier,* of Eugene, for appellant.
*Donald Young,* of Eugene, for respondent.

CAMPBELL, J. On May 17, 1927, plaintiff commenced this action to recover on two promissory notes, and a writ of attachment was issued and levied on the homestead of appellant. On December 3, 1927, defendant was adjudicated a bankrupt by the District Court of the United States for the district of Oregon, and on July 10, 1928, an order was made in said proceedings in said court discharging defendant from all debts provable against his estate. That the claims of plaintiff and its assignor were duly listed in said bankruptcy proceedings. That summons in the instant suit was served on defendant on April 18, 1929. All the above facts are admitted by plaintiff and defendant. It is also admitted by plaintiff and defendant that the attachment issued herein is such that if the property had not been a homestead it would be legal. That the plaintiff, by reason of the bankruptcy, has lost its right to recover a personal judgment against defendant, and if it were not for the attachment, the case should be dismissed. All the facts showing that the attached property is the homestead of defendant and that defendant claims the exemption in this case are admitted.

The plaintiff claims that it has a valid attachment lien on the homestead, and by reason of said lien having attached more than four months prior to the bankruptcy proceedings, it has a right to have the attachment lien converted into a judgment lien and the property ordered sold. On a stipulation that the above facts are the facts in the case, the trial court entered up a judgment as follows:

"That the plaintiff have and recover judgment against the defendant in the sum of $244.15, together with interest at the rate of 10 per cent per annum from the seventeenth day of March, 1926, and the further sum of forty-five dollars as a reasonable attorney's fee upon its first cause of action."

And a similar judgment, with the exception of the amounts on defendant's second cause of action (the second promissory note), and further ordered:

"That said judgment be, and it is held to be a valid and subsisting lien upon defendant's interest in the following described property."

Then follows a description of defendant's homestead.

"As of the date of May 18, 1927, the date upon which said real property was attached by the plaintiff in this action, and that said real property should be and the same is hereby ordered sold to pay plaintiff * * *. That plaintiff's judgment be and it is hereby ordered that the same be a lien only upon the real property above described, and be satisfied in so far as possible from defendant's interest in said real property and that the plaintiff have no judgment for any deficiency * * *."

From this judgment defendant appeals.

■ It will be observed that in the foregoing stipulation attachment was issued on May 18, 1927. Attachment could not issue until summons issued.

"The plaintiff, at the time of issuing the summons, or any time afterwards, may have the property of the defendant attached, as security for the satisfaction of any judgment that may be recovered * * *." Oregon Code 1930, § 4-401.

"A summons may be said to have issued * * * when it is made out and signed by the plaintiff or his attorney, and placed in the hands of the sheriff, with the intention that it be served upon the defendant." *White v. Johnson,* 27 Or. 282 (40 P. 511, 50 Am. St. Rep. 726).

The stipulation further shows that summons was not served until April 18, 1929, nearly two years after the summons was issued. Where was the summons all this time?

"* * * The summons shall be returned to the clerk with whom the complaint is filed within sixty days after its delivery to the officer * * * with proof of such service, or that the defendant can not be found." Oregon Code 1930, § 1-504.

This action was begun against the person, and attachment made to secure the satisfaction of a personal judgment. If plaintiff fails to obtain a judgment, the attachment must fail. At the time defendant was served, there was no obligation existing upon which a judgment could be obtained against him. There was no change in the form of action nor any additional pleadings filed to change it from an action against the person to one against the property. It will be observed that the judgment entered by the court is a personal judgment against defendant with a provision that it must be satisfied, if at all, by sale of the attached property, and that there shall be no deficiency judgment.

"A homestead shall be exempt from sale on execution from the lien of every judgment and from liability in any form for the debts of the owner * * *. The homestead must be the actual abode of and occupied by the owner, his or her spouse, parent or child, and such exemption shall not be impaired by temporary removal or absence with the intention to reoccupy the same as a homestead, nor by the sale thereof, but shall extend to the proceeds derived from such sale * * *." Oregon Code 1930, § 3-201.

"Whenever a levy shall be made upon a homestead, the owner thereof, his or her spouse, parent or child, agent or attorney, may notify the officer making such

levy, at any time before the sale thereof, that he claims a homestead in such lands. * * *." Oregon Code 1930, § 3-204.

■ Thus it will be seen the right of exemption from levy of a homestead is a personal privilege to be claimed by the person to whom the statute gives the right at any time before sale: *Grim v. Thompson,* 112 Or. 399 (229 P. 916). It would appear that the right to claim such an exemption must be exercised every time that a levy is made in each separate proceeding, but once the claim is made and the fact that it is a homestead established, it is then exempt from sale on execution, from the lien of every judgment, and from liability in any form for the debts of the owner; so that in the particular proceeding where claim of exemption is made and established, there can no longer exist either an attachment lien or a judgment lien, and this condition continues so long as it is the homestead of the party making the claim. He has a right to sell it free from any such lien. When he dies:

"Not having lawfully devised the same, such homestead shall descend free of all judgments and claims against such deceased owner or his homestead estate, except mortgages lawfully executed thereon and mechanics' liens. * * * provided further, such homestead shall be subject to and charged with the expenses of his last sickness and for his funeral and the cost and charges of administration; * * *." Oregon Code 1930, § 3-205.

The original homestead exemption act was enacted at the session of 1893. It provided:

"The homestead of any family shall be exempt from judicial sale for the satisfaction of any liability hereafter contracted, or for the satisfaction of any judgment hereafter obtained on such debt." Session Laws 1893, p. 93.

At the legislative session of 1905 it was amended to read as follows:

"The homestead of any family shall be exempt from judicial sale for the satisfaction of any judgment hereafter obtained * * *." Session Laws 1905, p. 383.

Under the law as it thus stood, this court held, "The exemption is from judicial sale only and not from the lien of a judgment." *Hansen v. Jones,* 57 Or. 416 (109 P. 868 (1910)). To the same effect and also that a mechanics' lien when properly foreclosed constituted a lien on the homestead of the debtor, is held in *Johnson v. Tucker,* 85 Or. 646 (167 P. 787 (1917)).

At the legislative session of 1919, the 1893 homestead exemption statute as amended in 1905 was repealed and our present law enacted. It will be observed that the present law exempts the homestead from (1) judicial sale on execution, (2) the lien of every judgment, (3) liability in any form for debts of the owner.

The law of 1893, supra, provided, "But in no instance shall such homestead be reduced to less than 20 acres nor one lot, regardless of value." Session Laws of 1893, supra; *In re Barde,* 225 Fed. 715. Under the present statute the value of the right of exemption is $3,000. Under the law of 1893, supra, the homestead was exempt from mechanics' lien: *Davis v. Low,* 66 Or. 599 (135 P. 314).

"This act shall not apply to mechanics' liens for work, labor or material done or furnished exclusively for the improvement of the property which may be claimed as a homestead, and to purchase money liens and mortgages lawfully executed." Session Laws 1919, 160, Oregon Code 1930, § 3-203.

■ We are therefore confronted by this state of facts: Plaintiff admits that it is not entitled to a per-

sonal judgment against defendant by reason of the bankruptcy proceedings, and the homestead law above cited provides:

"A homestead shall be exempt  *  *  *  from liability in any form for the debts of the owner." Oregon Code, § 3-201, supra.

The defendant is in court claiming his exemption. This he may do "at any time before sale," and the court must give heed to his claims and relieve the homestead from such claims from which the statute says it is exempt. The court cannot impress it with a lien.

For these reasons the judgment will be reversed, and the cause remanded with instructions to dismiss the action.

BEAN, C. J., BROWN and KELLY, JJ., concur.