Argued at Pendleton May 2; affirmed May 31, 1933

## STEWART *v.* BLACK ET AL.
### (22 P. (2d) 336)

*Harold Banta,* of Baker (Hallock, Donald & Banta, of Baker, on the brief), for appellant.

*Earl B. Moore,* of John Day, for respondents.

BAILEY, J. B. E. Stewart as trustee in bankruptcy of A. L. Black and Sophronia E. Black, bankrupts, prosecutes this suit against A. L. Black, Sophronia E. Black, his wife, and Charles Black, their son, to have set aside conveyances from A. L. Black and his wife to Charles Black of a tract of land in the town of Mt. Vernon, Oregon, as in fraud of the creditors of A. L. Black and Sophronia E. Black. The title thereto for some time prior and up to April 2, 1928, stood in the name of Sophronia E. Black. This tract of land does not exceed in quantity one city block, contains less than 160 acres and has been the actual abode of A. L. Black and his wife for many years.

On April 2, 1928, both A. L. Black and Sophronia E. Black were insolvent and while proceedings were pending against them to recover on a note executed by them and to foreclose a chattel mortgage given as security therefor, Sophronia E. Black conveyed the property involved herein to her son Charles, and on November 17, 1928, A. L. Black by separate deed conveyed to Charles whatever interest he had in this

property. At the time of the conveyance to him, Charles Black was past twenty-one years of age, married, and was living with his family on a farm some six miles from Mt. Vernon. At no time since 1927 had he made his home with his parents.

Other realty belonging to the bankrupts was, at or about the same time, conveyed by Black and his wife to their sons Howard and Charles, and the conveyance thereof was set aside as in fraud of creditors by the trial court in this proceeding, but the action of the circuit court in respect thereto is not here for review.

In his prayer the trustee in bankruptcy asks for a decree declaring ''fraudulent and void as to the plaintiff in his capacity as trustee'' the conveyance of the residential property at Mt. Vernon; ''that the said Charles Black be declared to have no beneficial interest in said property but to hold the same solely as trustee for the said Sophronia E. Black and A. L. Black''; and that the property be sold and the proceeds therefrom be applied toward the satisfaction of the amounts due creditors of the bankrupts.

Separate answers were filed by Sophronia E. Black, A. L. Black and Charles Black, in each of which answers it is alleged that at the time of the conveyance by Sophronia E. Black to her son Charles the property in dispute was, and for many years prior thereto had been, used and occupied by A. L. Black and his wife as a homestead, and that they, together with their son Howard, have resided thereon continuously since that time.

The trial court found that the conveyance was fraudulent and void, and decreed ''that the defendant Sophronia E. Black should be and she is hereby allowed the homestead right and claim in and to the

whole of said home or residence property to the extent of $3,000''. The decree further provided that the property be sold as required by law for the sale of real property upon execution, but with the proviso that the property should not be sold "unless and until a price in excess of $3,000 should be bid and offered therefor, and that out of the proceeds of said sale the sum of $3,000 shall in any case be paid over and delivered to the defendant Sophronia E. Black as and for a homestead right in said property, such sum to be exempt from execution   *   *   *''.

The trustee alone appeals, and sets forth in his brief two assignments of error: (1) that the court erred in awarding to Sophronia E. Black a homestead right in the residence property for the reason that, having transferred such property to her grown son, living apart, neither she nor he was in a position to claim a homestead in it; and (2) that the court erred in awarding Sophronia E. Black a homestead right for the further reason that, having voluntarily transferred the property to her son in fraud of creditors, she should not be permitted to claim an exemption on it after it has been recovered by the trustee for the benefit of her bankrupt estate.

Our present homestead law (§§ 3-201 to 3-206, Oregon Code 1930), as pointed out by Mr. Justice CAMP-BELL in *Willamette Collection & Credit Service v. Henry,* 138 Or. 460 (7 P. (2) 261), differs materially from the original homestead act passed in 1893 and repealed in 1919 at the time the present law was enacted. Since 1919 the homestead is not only exempt to a certain amount in value from sale on execution but it is also exempt "from liability in any form for the debts of the owner to the amount in value of three thousand

dollars ($3,000), except as otherwise provided by law''. These exceptions are not involved in this appeal.

The act expressly provides that in the event of sale of the homestead by the owner thereof the exemption is not impaired but extends to the proceeds of such sale to an amount not exceeding $3,000.

■ In reference to the conveyance of property in fraud of creditors, 12 R. C. L. 505, § 35, states the rule as follows, relative to exempt property:

''In the past, there has been some confusion as to what the phrase 'goods and chattels' as used in the statute of 13 Elizabeth includes. It may be stated as a general rule, however, that the statute applies to all property which may be subjected to the payment of debts, and to no other; for it is evident that creditors can not be defrauded, hindered or delayed by the transfer of property which, neither at law nor in equity, can be made to contribute to the satisfaction of their debts, and hence it is almost universally conceded that property which is by statute exempt from execution can not be reached by creditors on the ground that it has been fraudulently transferred, and therefore none of the usual rules by which the good or bad faith of a transaction is determined are applicable in such case. It resolves itself into this: that as to exempt property there are no creditors within the meaning of the statute. This rule, of course, applies to homestead rights in the various states in which they are recognized''.

See, also, 27 C. J., page 441, § 66; *Smith v. Fourth Street Bank,* 174 Ky. 647 (192 S. W. 643); and *Schroeder v. Gohde,* 123 Minn. 459 (144 N. W. 152, 6 A. L. R. 571).

The appellant recognizes this principle of law, but asserts that it refers only to those instances in which the homestead has actually been established, and can have no application here, as the homestead had not been established; and that under our law Sophronia E.

Black, at the time she conveyed the property to her son, had merely a right to claim the property as a homestead. It is further maintained by appellant that a homestead right in this state is merely a personal privilege to be claimed by the one to whom the statute gives the right.

In support of this contention counsel for appellant refers to § 3-204, Oregon Code 1930, which provides how the exemption may be claimed in those cases in which a levy has been made under execution and the manner in which the judgment-creditor may contest the homestead exemption when claimed.

Our law does not provide a method or procedure whereby a right to a homestead may, in the sense indicated by appellant, be established.

It undoubtedly was the intention of the legislature to permit the owner of a homestead to alienate it before judgment and before he had filed with the "registry of deeds" his declaration of homestead as provided by § 3-204, Oregon Code 1930. By the express provision of the homestead act, the exemption is not impaired by the sale of the property. Moreover, there are no limitations as to when the property may be sold.

The mere claim by the owner that the property is his homestead and exempt from execution does not establish that fact. When the claim is made by the owner to the sheriff following a levy, or a declaration of homestead is filed with the registry of deeds, the creditor is not precluded from contesting the claim. Likewise when the owner sells the property and claims an exemption in the proceeds of the sale to the extent of $3,000, his crditors are not prevented from disputing his right to the proceeds of the sale on the ground that the property was not in fact his homestead.

■ It is further asserted by the appellant that Sophronia E. Black is not entitled to claim a homestead right in and to the property in controversy after the court has set aside the conveyance from her to her son as fraudulent and void as to her creditors.

"A large majority of the cases," states Thompson in his Commentaries on Real Property (1924 Ed.), volume 1, page 1028, § 932, "holds that a homestead is not abandoned by a fraudulent conveyance thereof by the debtor".

Loveland on Bankruptcy (4th Ed.), page 876, § 424, observes:

"May a bankrupt claim an exemption in property which he had conveyed in fraud of creditors or as a preference, prior to the commencement of bankruptcy proceedings, and which the trustee subsequently recovered for the benefit of the estate? There is a conflict of authority on this point. The better reason seems to support the rule that the bankrupt does not waive his right to claim a homestead exemption in lands so conveyed and recovered.

"The argument in favor of this rule may be briefly stated. Homestead laws are favorably construed by the courts in the interest of the debtor's family. It is true that the debtor may have conveyed his homestead right and would be estopped to claim it as against his grantee or any person claiming under him. The trustee does not claim under the deed of conveyance, but in hostility to it. The property is recovered by the trustee as representative of the creditors. When so recovered the deed is declared to be null and void as between the bankrupt and the trustee. Surely the trustee can not claim to be subrogated to any rights of the grantee. His rights are the same that they would have been, had the deed never been made. If the bankrupt had the right of exemption as against creditors before the deed was made, he is not estopped, as against the trustee, to claim the right to the homestead or the value to the extent given by the statute. It does not make the estate

any less than if the fraudulent conveyance had not been made. An opposite view would give the creditors a profit out of the attempted fraud at the expense of the bankrupt's family''.

See also, in this connection, Collier on Bankruptcy (7th Ed.), page 159; Remington on Bankruptcy (3d Ed.), volume 3, page 230, § 1357; Black on Bankruptcy (4th Ed.), page 579, § 465; and *May v. Gibler*, 319 Mo. 672 (4 S. W. (2d) 769).

■ In the case at bar, appellant contends that the conveyance of the property from Mr. and Mrs. Black to their son was in trust for themselves; that the son had no interest in the realty; and that, therefore, no title passed to him by the conveyance. If the property was held by the son in trust for his parents, how can it be said that they waived their right to claim a homestead exemption in and to the property to the extent of $3,000 in value?

■ The trial court found the reasonable value of the property to be $5,000, and to the extent that the value thereof exceeds the statutory exemption the creditors have an interest therein. The fact that Sophronia E. Black did not claim this land as exempt in the schedule filed in the bankruptcy court does not preclude her from asserting in this suit her right to a homestead exemption in the property. The son Charles has not appealed and we are not here concerned with any possible controversy between him and his parents as to the proceeds of sale of the property, to which the creditors, in any event, are not entitled.

As we find no error in the decree of the circuit court, the same is affirmed.

ROSSMAN, BEAN, and CAMPBELL, JJ., concur.