## ARNOLD v. KELSEY et al.
### No. A-7261.

District Court, Alaska
Third Division, Anchorage.
Aug. 27, 1953.

J. L. McCarrey, Jr., Anchorage, Alaska, for plaintiff.

Cuddy, Cuddy & Dunn, Anchorage, Alaska, for Heine Berger, Ketchikan Spruce Mills, D. H. Cuddy, trustee.

J. L. McCarrey, Jr., Anchorage, Alaska, for Kincaid & King Const. Co. Inc.; Ken Luse & Co.; William Stolt and Lilian Stolt.

Bell & Sanders, Anchorage, Alaska, for Sullens & Hoss.

Davis, Renfrew & Hughes, Anchorage, Alaska, for Victor F. Gothberg, R. T. Schultz and J. R. Peck.

Kay, Robison & Moody, Anchorage, Alaska, for William Olday and Henry W. Cuffel.

Evander C. Smith, Anchorage, Alaska, for J. C. Floor Covering.

Seaborn J. Buckalew, U. S. Atty., and Arthur D. Talbot, Asst. U. S. Atty., for the United States.

FOLTA, District Judge.

This suit for the foreclosure of plaintiff's mortgage against the real property of the defendants Alice and R. W. Kelsey, husband and wife, involves the rank and priority of the mortgage lien and the liens claimed against the same property by the other defendants. The principal contest is between the lien of the mortgage given the plaintiff by the defendant Alice Kelsey and the lien of the judgment of the defendant Sullens & Hoss.

It appears that on September 17, 1949, the defendant Alice Kelsey, record owner, gave the plaintiff a mortgage on the property involved to secure a loan of $5,000 which was later consolidated with other loans aggregating $16,609.51, for which another mortgage was given the plaintiff by the Kelseys. On December 9, 1949, the defendant Sullens & Hoss obtained a judg-

ment for $1,676.89 in this court against the Western Dredging Corporation, Spenard Lumber Company and the defendant R. W. Kelsey. On January 25, 1952, the Kelseys were adjudged to be bankrupts.

The plaintiff contends that the judgment lien was not perfected because a transcript of the docket entry thereof was not filed in the office of the Recorder for Anchorage Precinct, whereas the defendant Sullens & Hoss contends that it is only when the judgment creditor desires to subject to his lien property situate elsewhere in the Territory than in the Division in which the judgment is entered, that the transcript must be filed in the particular recording district, in accordance with the provision of Section 55-9-61 A.C. L.A.1949. I am of the opinion that the construction urged upon the Court by the defendant is the correct one. This view finds further support in the construction given the statute by the Courts of Oregon, from which the statute was taken, Creighton v. Leeds, 1881, 9 Or. 215. In any event the judgment obtained by Sullens & Hoss is not a lien against the property involved in this action since Alice Kelsey, the record owner of the property, was not a party to the suit in which the Sullens and Hoss judgment was obtained.

The contention has been made that the first mortgage is invalid, and hence that liens of other creditors arising before the filing of the second mortgage are superior to the entire debt owed the plaintiff. Such invalidity is claimed on the ground that the mortgage was not signed by the husband of the mortgagor, Alice Kelsey— a prerequisite under Section 22-3-1 A.C. L.A.1949 to the validity of a conveyance of property which includes the homestead. Assuming that a mortgage is a conveyance and that the property was used in part as a home by the Kelseys, Cf. Wendler v. Brennaman, 7 Alaska 13, it nevertheless appears to be the law that the objection interposed is not available to a third person but only to the possessor of the homestead right. Davis v. Low, 66 Or. 599, 135 P. 314; 5 Tiffany on Real Property 154. And this rule is not affected by adjudication in bankruptcy. 11 U.S.C.A. § 24.

It is also contended that the mortgage of September 17, 1949, was extinguished by the later mortgage. I find, however, that there was no release or satisfaction of the lien of the first mortgage; that there was merely a consolidation of the loans and the taking of the new mortgage, with no intention that the lien of the first mortgage should be relinquished, and hence conclude, in the absence of any showing of prejudice, that there was no extinguishment, Griffin v. International Trust Co., 9 Cir., 169 F. 48; that the plaintiff's lien of $5,000 is entitled to priority over all other liens, and that the remaining liens and claims should be paid in the following order:

1. Ketchikan Spruce Mills
2. Kincaid & King
3. H. Berger
4. Irene Arnold
5. Wm. & L. Stolt
6. Ken Luse }
   Henry Wolff, Inc. } equal rank
7. Dan Cuddy, Trustee
8. Henry W. Cuffel
9. R. H. & Marie Vore
10. V. Gothberg
11. City of Anchorage
12. R. T. Schultz & J. R. Peck
13. United States
14. United States

I further find from the uncontradicted testimony of the plaintiff that the payment of $376.57 to the defendant Sullens & Hoss was applied on its lien of July 24, 1951.