Argued September 16, affirmed October 5, rehearing denied October 19, 1920.

# ARMSTRONG *v.* TRAVIS.

(192 Pac. 649.)

**Execution—Failure of Sheriff's Return to Show Levy Does not Invalidate Sale After Confirmation.**

1. Failure of the sheriff's return of sale on execution to show levy on the property is insufficient to invalidate the sale after execution, confirmation curing irregularities between judgment and sale.

**Execution—Failure to Levy on Property Does not Avoid Sale.**

2. Failure to levy on the judgment debtor's property is not in any event such an omission as will avoid sale on execution.

> [On grounds of collateral attack on judicial sale, see note in 1 A. L. R. 1431.]

**Justices of the Peace—No Presumptions Favor Jurisdiction.**

3. There are no presumptions in favor of the jurisdiction of courts of special and limited jurisdiction, as courts of justices of the peace.

**Justices of the Peace—Judgment Should be Upheld if Record Shows Requirements of Statute Complied With.**

4. If on fair examination of the record supporting a judgment in Justice's Court it appears that the requirements of the statute have been complied with, no matter how inartificially the fact has been made to appear, the judgment should be upheld.

**Justices of the Peace—Record Held to Show Summons Issued and Given Constable was That Served.**

5. Record supporting judgment in Justice's Court *held* to show with common certainty that the summons, issued December 11, 1912, which came into the hands of the constable the same day, and the summons served February 20, 1913, were one and the same.

**Justices of the Peace—Issuance and Service of Second Summons Did not Vitiate Judgment Against Defendant Who Made Default.**

6. If summons issued from Justice's Court December 11, 1912, and was placed in the hands of the constable for service the same day, but was not served, another summons being served February 20, 1913, after which defendant made default, the issuance and service of the second summons did not vitiate the judgment.

**Justices of the Peace—Entry of Service of Summons Conformed to Code Form.**

7. Entry in regard to service of summons in record supporting justice's judgment *held* to have substantially conformed with the

form set out in L. O. L., Volume 1, page 1052, which, though not strictly part of the Code, has been approved by the compiler.

**Justice of the Peace—Default Judgment Held Valid, Though Returns of Service not Entered.**

8.   Though Section 2415, L. O. L., requires that the justice shall enter in his docket the date of issuance and·return of summons, the provision is not so drastic as to render void a judgment wherein it appears that a summons issued and was served such a length of time before the judgment as to justify entry of default in case of failure to appear.

**Justices of the Peace—Docket Entry Sufficient to Show Jurisdiction to Enter Default.**

9.   Docket entries supporting judgment of justice, though not drawn with skill and clearness which would characterize work of a skillful lawyer taken as a whole, *held* sufficient to show jurisdiction in a Justice's Court to enter default judgment.

From Lane: GEORGE F. SKIPWORTH, Judge.

Department 2.

This is a suit to set aside a judgment originally rendered in a Justice's Court, and thereafter docketed in the Circuit Court in pursuance of Section 2442, L. O. L. The transcript so transmitted to the clerk of the Circuit Court and there docketed, as far as material here, is as follows:

"L. M. Travis,
        Plaintiff,
        v.
"Luther Armstrong,
        Defendant.

"Filed,
"Complaint
Dec. 9, 1912.
"Summons,
Feb. 20, '13.

"Be it remembered, that on this, the 9th day of December, A. D. 1912, complaint duly verified by the affidavit of L. M. Travis, was filed in my office, and on December 11, 1912, I issued a summons for service.

"R. S. BRYSON,
"Justice of the Peace.

"State of Oregon,

"County of Lane,—ss.

"I hereby certify that the within summons came into my hands for service on the 11th day of December, 1912, and that on the 20th day of February, 1913, between the hours of 6:00 A. M. and 9:00 P. M. I served the same on the within named Luther Armstrong, defendant, by delivering personally to Florence Armstrong, his wife, a person of the family of said defendant above the age of fourteen years, at the dwelling house and usual place of abode of said defendant, a true copy thereof, certified by me as Constable to be such true copy of the complaint together with a copy of the complaint in the within entitled action prepared and certified to by L. M. Travis, one of the attorneys for the plaintiff; the said defendant not being found in Lane County, Oregon, after due and diligent search and inquiry in said county. The foregoing was all done in Lane County, Oregon, on the date aforesaid.

"J. J. HARBAUGH,
"Constable.

"On this 8th day of April, 1913, comes the plaintiff, L. M. Travis, and moves for default and judgment against the defendant, Luther Armstrong, and it appearing that the defendant was duly served with a summons and a copy of the complaint on the 20th day of February, 1913, and that he has failed to answer or appear within seven days of such service or at all, his default is now adjudged, and it appearing from the complaint that said defendant is indebted to said plaintiff in and for the sum of $60.63 and $15.46 interest thereon, and for the further sum of $53.00 and $12.80 interest thereon, it is now considered, ordered, and adjudged that said plaintiff have and recover, and there is hereby rendered, judgment against said defendant in the sum of $141.88, together with costs and disbursements in this action which are ordered taxed at $9.70 as noted in the margin of this record.

"JESSE G. WELLS,
"Justice of the Peace."

This transcript of the docket was filed August 13, 1913. On January 14, 1916, Travis, the judgment creditor, caused an execution to be issued and placed in the hands of J. C. Parker, the sheriff of Lane County, who filed with the clerk of the Circuit Court his certificate of levying upon certain lands of the plaintiff in this suit, defendant in said execution, as required by Section 300, L. O. L., and proceeded thereafter to advertise and sell said real property to L. M. Travis, the defendant here and the plaintiff in that proceeding, and issued to him a certificate of sale. No defect appears in the advertisement or manner of sale. The return of the sheriff is as follows:

"L. M. Travis, Plaintiff,

v.

"Luther Armstrong, Defendant.

"State of Oregon,
"County of Lane,—ss.

"I, J. C. Parker, sheriff of Lane county, state of Oregon, do hereby certify that by virtue of the within writ of execution and order of sale hereto annexed, I advertised the said land described herein in the 'Siuslaw Pilot,' a newspaper of general circulation published weekly in said Lane County, Oregon, for four successive weeks prior to the day of sale; and also posted copies of said notice describing said land, and the time, the terms and the place of said sale in three public places in said county, to-wit: one on bulletin board at southwest door of Lane County courthouse, one on bulletin board at south door of Eugene city hall, one on bulletin board at east door of Justice of Peace office near the corner of East 8th and Park St., Eugene, Oregon.

"A copy of said notice is hereunto annexed and made a part of this return; and, on, to-wit, the 19th day of Feb., 1916, between the hours of 9:00 o'clock A. M. and 4:00 o'clock P. M., to-wit: at 1:00 o'clock

p. m. of said day, I sold said property at public auction, at the southwest door of the Lane County courthouse in Eugene, Lane County, Oregon, to L. M. Travis for the sum of One hundred forty-two and 60/100 ($142.60) Dollars, he being the highest and best bidder therefor.

"Cost of execution: Sheriff's fees, $——
                    "Printer's fees, $——
"Dated this 21st day of Feb., 1916.
                                    "J. C. Parker,
                    "Sheriff of Lane County, Oregon.
                            "By D. A. Elkins,
                                        "Deputy."

Thereafter on March 1, 1916, on motion of Travis, plaintiff in the writ of execution, the sale was confirmed by the Circuit Court without any objection thereto being made.

Thereafter the plaintiff here brought this suit, alleging the invalidity of the Travis judgment and of the sale thereunder, and claiming that they constituted a cloud on his title, and asking that the judgment and subsequent proceedings be declared void and canceled of record, and for further equitable relief.                                    Affirmed.

For appellant there was a brief over the names of *Messrs. Williams & Bean,* with an oral argument by *Mr. John W. Williams.*

For respondents there was a brief and an oral argument by *Mr. L. M. Travis.*

McBRIDE, C. J.—1, 2. Some controversy has arisen in the argument as to whether this is a suit to quiet title, and therefore a collateral attack upon the judgment, or a direct attack upon the judgment itself. Without discussing this distinction we have

chosen to treat the suit, for the purpose of this case, as a direct attack, as the conclusion we have reached would result from either view of the case. Taking up the case in the order presented, we find no irregularity in the sale that can be taken advantage of in this proceeding. The principal objection seems to be that the sheriff's return does not show a levy upon the property. This of itself would not be sufficient to invalidate the sale after execution, as it has been frequently held by this court that a confirmation cures irregularities arising between judgment and sale: *Matthews* v. *Eddy,* 4 Or. 225; *Dolph* v. *Barney,* 5 Or. 191. The failure to levy is not in any event such an omission as will avoid the sale: 2 Freeman on Executions (3 ed.), § 280; *Smith* v. *Dwight,* 80 Or. 1, 15 (148 Pac. 477, 156 Pac. 573, Ann. Cas. 1918D, 563); *Hamlen* v. *Hamlen,* 33 Miss. 455 (69 Am. Dec. 358). If, therefore, the justice's docket entries, as filed with the clerk of the Circuit Court, show he had jurisdiction to render the judgment in question, we must affirm this decree.

3. It is well-established law in this state that there are no presumptions in favor of the jurisdiction of courts of special and limited jurisdiction.

"The sound rule of construction, in respect to the courts of justices of the peace, is, to be liberal in reviewing their proceedings, as far as respects regularity and form, and strict in holding them to the exact limits of jurisdiction prescribed to them by the statute": *Jones & Crawford* v. *Reed,* 1 Johns. Cas. (N. Y.) 20.

4. The examination of the record should not be captious or with a view to seeking far-fetched objections to the jurisdiction, but fair and friendly with due regard to the fact that justices of the peace are not usually chosen from men learned in the law

and familiar with the technical requirements that
go to make up a perfect judgment, and if, upon such
an examination, it appears that the requirements of
the statute have been complied with, no matter how
inartificially that fact has been made to appear, the
judgment should be upheld. Keeping these rules in
mind we will now consider the objection to the
transcript and judgment in question.

The first objection is that the date of the return
of summons is not entered in the docket. As shown
above by the copy of the docket the first entry states
that a complaint was filed on December 9, 1912, and
that on December 11th the justice issued a summons.
Opposite to this entry in the margin is the notation,
"Summons, Feb. 20, '13." Then follows a copy of
the return of the constable in full, showing, among
other things, that the "within" summons came into
his hands on December 11, 1912, and that he made
a regular service of it on February 20, 1913. In
addition, it is further recited that the defendant was
duly served with a summons and copy of the com-
plaint on February 20, 1913.

5, 6. We think it appears with common certainty
that the summons that was issued on December 11,
1912, and which came into the hands of the constable
December 11, 1912, and the summons which was
served February 20, 1913, was one and the same
summons, and we will not indulge the presumption
that a different summons was served; and, even if
another summons had been issued and served, and
the defendant had made default, as recited, this fact
would not vitiate the judgment if the defendant
made default, and from the second recital in the
judgment it sufficiently appears that a summons in
this case had been served upon the defendant on the

twentieth day of February, 1913, and that up to the eighth day of April, 1913, he had failed to appear or answer, whereupon on that day judgment was rendered against him.

7, 8. Taken as a whole, the entry in regard to service substantially conforms to the form set out at page 1052, Vol. 1, L. O. L., which, while not strictly a part of the Code, has received the approval of the eminent compiler. While it is true Section 2415 requires that the justice shall enter in his docket the date of the issuing and returning of a summons, it is conceived that this provision is not so drastic as to render void a judgment wherein it appears that a summons issued and was served such a length of time before the judgment, as to justify the entry of a default in case of failure to appear.

This precise question arose in *Bacon* v. *Bassett*, 19 Wis. 45, under a statute which required the justice to enter in his docket "the time when process was issued against the defendant, when returnable, and the particular process issued and a statement of the return of the officer." In answer to the objection urged here, the court said:

"Neither was the omission of the justice to enter in his docket 'a statement of the return of the officer,' as required by subd. 2, sec. 11, ch. 120, R. S., an error for which the judgment can be reversed. The statute in this respect is no doubt directory. It imposes a merely ministerial duty, which, if not performed, does not affect the jurisdiction of the justice, or the regularity of the judgment."

In *Hall* v. *Tuttle*, 6 Hill (N. Y.), 38 (40 Am. Dec. 382), the case arose upon a statute which required a judgment to be entered upon the docket "forthwith," and it was not so entered for three days after it had been pronounced. Justice COWEN held the

provision to be merely directory, and in discussing the matter observed:

"The statute is equally peremptory in respect to all the entries upon the docket. 'Every justice, etc., *shall* keep a book, in which he *shall* enter,' etc., specifying fifteen particulars, some before and some after judgment. * * Six of them are after judgment, beginning with the entry of the judgment. Suppose any or all to be omitted; or even no book to be kept. The whole is ministerial; and the statute touching the docket and its minutiae merely directory. Its language being imperative does not make it anything more. Almost every directory statute is imperative in its words. One entry is of the execution; another of the return, etc. The statute peremptorily commands these entries. Yet it would be a strange application of it, should we hold the judgment reversible for the omission of either. The entry of the judgment is no more a part of it than the instances put. It is mere evidence of the judgment, as it was at common law; valid, though made at any time, and open to correction according to the truth. To say that a clerical defect or omission in any of the fifteen docketed particulars should be ground of reversal, would be intolerable."

Much of this is *dictum*, but it is persuasive, not only from the eminent standing of the learned justice who wrote the opinion, but from the additional fact that he was himself the author of a standard work on the civil jurisdiction of justices of the peace. And while we are not prepared to say that the omission of some entries in the docket required by our statute may render a judgment void, we do say that the omission to make the entries here under consideration more definite do not have that effect.

9. It will be observed that the complaint nowhere alleges that Armstrong was not served with summons, or that he did not make default or did not

owe the debt, but merely that the transcript of the docket filed with the clerk did not show these facts. While, as before stated, the docket entries are not drawn with that skill and clearness that would characterize the work of a skillful lawyer, we are of the opinion that—taken as a whole—they are sufficient to show jurisdiction in the Justice's Court to enter the judgment.

This being the case, the decree of the Circuit Court will be affirmed. AFFIRMED. REHEARING DENIED.

BEAN, JOHNS and BENNETT, JJ., concur.