Argued October 7, reversed October 21, 1924.

## JESSIE E. CRIM v. A. G. THOMPSON.

(229 Pac. 916.)

**Pleading—Denial on Information and Belief of Matters of Record Held Sham.**

1. Denial on information and belief of allegations which were matters of record of court *held* sham.

**Pleading—Allowance of Amendment Substantially Changing Defense Held Error.**

2. Where denial in reply on information and belief of allegations in answer, which were matters of record, remained uncorrected during trial and for two months thereafter, allowing an amendment of such denial was error, where it substantially changed cause of defense, and was not in furtherance of justice, under Section 102, Or. L.

Judgment—Reply Insufficient to Show Judgment Lien Extinguished
    by Decree.

3.  Where, in suit to quiet title, defendant asserted title by pur-
chase at sale under execution, reply, setting up a decree adjudging
that execution creditor had no title or interest, but not showing
nature of suit or issues involved, or that execution creditor's judg-
ment was either in pleading or evidence, was insufficient to show
such decree extinguished lien of the judgment.

Judgment—Judgment Lien not Negatived by Decree Holding Against
    Right or Interest.

4.  Decree holding that judgment creditor has no right or interest
in certain property of judgment debtor is not inconsistent with
existence of judgment lien thereon, as judgment lien is not specific
interest in the property.

Attorney and Client—Attorney may Purchase Land Sold Under
    Judgment Against Client After Relation Terminated.

5.  Attorney may purchase land of client at sheriff's sale pursuant
to judgment against client, where relation had terminated before
sale of land.

Homestead—Failure to Claim Exemption Renders Homestead Subject
    to Sale to Satisfy Judgment.

6.  Failure of owner of homestead to claim exemption at time of
levy or sale under execution or afterwards renders such property
subject to sale to satisfy judgment.

Execution—Failure to Levy on Property Does not Invalidate Sale
    When Confirmed.

7.  Failure to levy on debtor's property is not sufficient to invali-
date sale on execution; confirmation curing irregularities arising
between judgment and sale.

Homestead—Claim of Exemption from Judicial Sale may be Made
    Any Time Before Sale.

8.  Claim of exemption of homestead from judicial sale may be
made either at time of levy or at any time before sale.

Execution—Failure to Levy on Homestead not Fatal, Where Owner
    Did not Object to Confirmation of Sale.

9.  Failure of sheriff to levy on homestead is not fatal to sale
thereof under execution, where owner did not object to confirmation
of sale, under Section 241, Or. L.

Homestead—Absence from State Does not Excuse Failure to Claim
    Homestead Exemption from Execution Sale.

10.  That owner of homestead was absent from state is not a
valid excuse for her failure to claim exemption from sale under
execution.

---

6.  Sale of homestead under execution, see note in 87 **Am. Dec.**
273.
7.  Necessity of levy to sustain execution sale, see note in 33
**Am. Dec.** 697.

**Judgment—Former Suit in Which Validity of Judicial Sale was Assumed Held Res Judicata in Later One Questioning Such Sale.**

11.   In suit to quiet title, where defendant claimed title under sale under execution to satisfy judgment, adjudication in a former suit, in which plaintiff assumed validity of sale and claimed that defendant held title in trust for plaintiff and that defendant's title was good and free from any trust, *held res judicata.*

**Appeal and Error—Appellate Court cannot Dismiss Suit Without Prejudice to Another Involving Same Issues.**

12.   Appellate court cannot dismiss suit that has been tried upon the merits without prejudice to another suit for same cause or involving same issues.

**Trial—"Failure of Proof," for Which Court may Dismiss Without Prejudice, is Failure to Make Prima Facie Case.**

13.   Under Section 411, Or. L., authorizing dismissal of suit without prejudice on account of failure of proof on part of plaintiff, "failure of proof" does not mean failure to convince court by preponderance of evidence but failure to make *prima facie* case.

**Pleading—Proof of Execution of Deed not Required When Denial Insufficient.**

14.   Where deed being of record is admitted by sham denial on information and belief, no proof of its execution is required.

From Clackamas: J. U. CAMPBELL, Judge..

Department 1.

This is a suit to determine an adverse claim to lots numbered 24, 26 and 27, Oregon Homes, Clackamas County, Oregon, according to the duly recorded plat thereof, recorded in the county recorder's office in Clackamas County, Oregon.

The plaintiff alleges that she is the owner in fee simple of said property and in the actual possession thereof, and that defendant claims an interest or estate therein adverse to the plaintiff, but that said claim is without right or foundation in law or equity. The plaintiff then demands that defendant assert the nature and character of such adverse estate or interest, and prays for a decree quieting her title to the said premises.

To this complaint the defendant filed an answer, in which he denied the allegations of the complaint,

except that he claims an estate in the premises. For a further and separate answer he alleges that a mandate was issued out of this court on the twenty-third day of April, 1914, in a case in which this plaintiff was plaintiff and John L. Crim was defendant; that this court, in said case, rendered judgment against this plaintiff and in favor of John L. Crim for costs and disbursements on the appeal; that about the fifteenth day of June, 1914, the mandate was enrolled in the records of Clackamas County and judgment of the Circuit Court was entered on said mandate; that on the 18th of July, 1917, the owners of said judgment caused an execution to be issued thereon and placed in the hands of the sheriff of that county; that the sheriff, by virtue of the execution, levied upon the property described in the complaint, duly and regularly advertised the property, and on the twentieth day of August, 1917, sold the same at sheriff's sale to satisfy the judgment; that the sheriff sold the property as the property of this plaintiff to the defendant herein; that on the eighteenth day of September, 1917, the sale was confirmed by the said Circuit Court and a sheriff's certificate issued in due form to the defendant by the sheriff; that afterwards, on the thirtieth day of September, 1918, the sheriff made, executed and acknowledged a deed, conveying said property to the defendant, which deed was regular in form and entitled to be recorded, and was recorded on the fourth day of October, 1918, in volume 150, at page 466, of the deed records of that county; that said deed conveyed to defendant all plaintiff's right, title and interest in the property, and that defendant now holds said property by virtue of said deed.

The defendant, for a second further and separate answer, alleges that in November, 1918, this plaintiff filed a suit in the said Circuit Court against this defendant, in which she alleged, among other things, that this defendant, being her attorney, was furnished with ample and sufficient funds to pay all the costs, expenses and fees chargeable against the plaintiff in the judgment which is the foundation of the defendant's title, and alleged that defendant, as her attorney and in spite of the fact, disregarded his duties towards the plaintiff and secretly and fraudulently induced the owners of the judgment, which was for $70.50, to issue a pretended execution out of the court and take further steps resulting in the sale to this defendant of the said property by the sheriff, and procured a pretended order of confirmation of the said sale, and obtained from the sheriff a pretended deed to the said property; and that said deed casts a cloud upon the title of the plaintiff, who was at all of said times in the exclusive and open possession of the property. It is further alleged that the defendant answered the complaint and the case was tried in the Circuit Court and a decree entered in favor of the plaintiff and against the defendant; that an appeal was taken to this court from said judgment; that all of the record of the action out of which originated this defendant's title, including the sheriff's sale therein, and the confirmation thereof, was introduced in the said cause so appealed, and was before this court on said appeal; that this court rendered a decision adjudging that all of the proceedings of the said sale were regular, and that the sale was valid; that there was no fraud vitiating it, and that the defendant was the owner of the title conveyed by the sheriff's deed. The defendant then alleges that the

said proceeding in this court was an adjudication, and that plaintiff is estopped from setting up or claiming any interest in, or title to, the premises.

A third separate answer is alleged, to the effect that John Ditchburn, attorney of record for the plaintiff in the case of *Crim* v. *Thompson,* 98 Or. 599 (193 Pac. 448), which is pleaded as an adjudication, stated in the argument, in open court, that if this defendant did not have the money in his hands belonging to plaintiff and which he should have applied in satisfying the judgment upon which was sold to this defendant the property described, then this defendant was the absolute owner of the property and the sheriff's deed was absolutely binding upon the parties. It is further alleged that this court determined in said cause that this defendant had no money in his hands belonging to the plaintiff at the time he bought the property at sheriff's sale, or at any time, with which to pay off the judgment, and the defendant claims that that statement made by her attorney to the court estops her from now claiming any interest in the land. The defendant then asks that the plaintiff's suit be dismissed, and that the defendant be adjudged the owner in fee of the property described in the complaint, and that he have his costs and disbursements.

A demurrer was filed by the plaintiff to these answers, but the record shows that the demurrer was overruled by stipulation of the parties. The plaintiff then filed her reply, as follows:

"For reply to defendant's answer, plaintiff avers that she has no knowledge or information sufficient to form a belief as to the truth or falsity of defend- ant's first, second and third further and separate answers and defense, and therefore denies each and every allegation contained therein."

Plaintiff then made an affirmative reply, to the effect that on the fifth day of October, 1914, in a suit then pending between plaintiff and John L. Crim, in the Circuit Court of Clackamas County, the court duly made and entered its decree as follows:

"It is further ordered, adjudged and decreed that this plaintiff is the sole owner of and to all of that certain real property described as the three acres of land, known as lots 24, 26, and 27, in Oregon Homes, in Clackamas County, State of Oregon; that the defendant has no right, title or interest in or thereto; and that the plaintiff have and recover from the defendant the sum of $50.00 attorney fee, and the plaintiff's costs and disbursements herein, taxed at $——."

It is alleged that said decree was affirmed by this court, and then alleges the conclusion of the pleader, deduced from the terms of said decree, that "any claim, right, title or interest said John L. Crim had in and to the said property of said Jessie E. Crim, as above described, and as alleged in paragraph 1 of defendant's first further and separate answer and defense, by way of judgment or otherwise, was thereby removed and extinguished, and that the said judgment claim of John L. Crim was or could have been litigated in said suit by said John L. Crim," and then pleads that the said decree is *res adjudicata* as to the matters set up in defendant's answer, and that defendant is estopped from setting up or claiming any interest in the property by reason of the pretended execution sale upon the pretended judgment mentioned in the answer, or otherwise. For a further reply the plaintiff alleges:

"That the judgment mentioned in defendant's answer was taken against plaintiff while the defendant was acting as plaintiff's attorney and that at the time of the entry of said judgment, and at the time

of the issuance of the execution to enforce the said judgment, and at the time of the pretended sheriff's sale, and at the time of the execution and delivery of the sheriff's deed, in pursuance of said sale, all the property described in the complaint herein was the plaintiff's homestead and her actual dwelling place and abode; that the plaintiff was at all such times the head of her family thereon resident, and that no part of said property was subject to levy of said or any execution, or sale upon the said pretended judgment or any judgment.

"That the defendant well knew that the said property constituted plaintiff's actual homestead and was exempt from execution, and plaintiff had no knowledge or notice of the execution, sale or deed until long after the deed was executed, and the defendant, well knowing that the property was exempt, bid only fifty cents more than the said judgment and costs."

By an order entered on the twelfth day of June, 1922, which was at the close of the trial, a *nunc pro tunc* amendment was allowed to the reply, which amendment was to the effect that at the time of the sale of the land by the sheriff the plaintiff had ample and sufficient personal property, valued at approximately $1,000, to satisfy the judgment, all within the knowledge of the defendant and the judgment creditor, and that the judgment creditor gave instructions to the sheriff to levy on the real property instead of the personal property, with which to satisfy the execution; and that the land was worth approximately $3,000 and was sold at a grossly inadequate price, to the plaintiff's damage and loss. After the trial, but before the cause was submitted, the court allowed a further amendment to the reply by striking out all of the paragraph constituting the denials theretofore made relating to the information and belief of the plaintiff, so as to leave the reply to deny

positively the allegations of the defendant's answer, "excepting as admitted in this reply." The allowance of these amendments at the time when they were allowed is assigned as error by the appellant.

The defendant demurred generally to the plaintiff's first and second further reply on the ground that the said reply did not state facts sufficient to constitute a reply or defense to defendant's answer. The demurrer was overruled by the court and this ruling is assigned as error.

The cause came on for hearing on the fourteenth day of February, 1922, and at the close of the trial the court made findings of fact in the words of the plaintiff's reply, and as conclusions of law held that the plaintiff was entitled to a decree quieting her title to the premises against the defendant, and entered a decree to that effect, and adjudged that this defendant had no right, title or interest in the property. From this decree the defendant appeals.     REVERSED.

For appellant there was a brief and oral arguments by *Mr. Thomas A. Hayes* and *Mr. A. G. Thompson, in pro. per.*

For respondent there was a brief over the name of *Messrs. C. D., D. C.* and *Earl C. Latourette,* with an oral argument by *Mr. Earle C. Latourette.*

PIPES, J.—1. It is urged that the court was without power to allow the amendments to the reply. The reply, which stood during the trial in April until the 22d of June, denied upon information and belief the allegations of the answer. The first and second further answers alleged only matters of records of the court. Such a denial was sham: *Heatherly* v.

*Hadley,* 2 Or. 269; *Peters* v. *Queen City Ins. Co.,* 63 Or. 382 (126 Pac. 1005); *Brown* v. *Scott,* 25 Cal. 189.

2. At the trial, however, and notwithstanding the insufficiency of the denial, the defendant offered the whole record of his title. It is contended that having treated the matter at issue, and having introduced evidence of his title, the amendment was properly allowed, and plaintiff cites in support of her contention *Pacific Co.* v. *Cronan,* 82 Or. 388, 393 (161 Pac. 692). But the amendment here allowed is not within the liberal ruling in the case cited. In that case the defendant had failed to deny two paragraphs of the complaint, · which failure this court said was an obvious clerical error or oversight, and the case having been tried without a sufficient objection to inform the court or opposing counsel of the particular defect in the pleading, the amendment, permitting a denial, was allowed, to conform the pleading to the facts proved.

But here there was no clerical error or oversight. The respondent with deliberation averred that she had no knowledge or information sufficient to form a belief as to the truth or falsity of the defense's separate answers, and that averment was allowed to stand without correction during the whole trial and for about two months afterwards. Yet every part of the record here pleaded was before the court below and this court on the appeal and under the scrutiny of plaintiff's counsel in the former case. At the time of the amendment itself all this record was in evidence, and, except in two particulars, was unquestioned. The respondent could not, under these circumstances, truthfully aver that she had no sufficient information of the record. The amendment came too late to open a controversy as to the existence or proper authentication of any part of the record

culminating in defendant's title. It is not within the terms of the statute which governs amendments, Section 102, Or. L., because it is not in furtherance of justice, and changes substantially the cause of defense. It was error to allow the amendment.

3, 4. The appellant contends that his demurrer to the two further replies should have been sustained. The first reply, which is recited in the statement of this case, consists of a judgment which, it is claimed, extinguishes the judgment under which the defendant claims. Reliance is placed upon the terms of that decree, to the effect that defendant has no right, title or interest in the property. But the reply does not state the nature of that suit, nor what were the issues there involved. It fails to show that the judgment under which the sheriff's sale was made to defendant was either in the pleadings or the evidence before the court in that case. In the absence of such a showing we cannot say that the decree here pleaded and relied upon by plaintiff had the effect to extinguish or in anywise affect the judgment against which this reply is directed. The holding that the defendant had no right or interest in the property is not inconsistent with the existence of a judgment lien thereon, as a judgment lien is not a specific interest in the property: *Oliver* v. *Wright,* 47 Or. 322 (83 Pac. 870). The respondent cites authority that a judgment lien is such an interest as may be removed in a suit to quiet title: *Johnson* v. *Samuelson,* 82 Neb. 201 (117 N. W. 470, 130 Am. St. Rep. 666). But the reply in question does not allege that the judgment therein pleaded was a suit to quiet title. The demurrer should have been sustained: *Glenn* v. *Savage,* 14 Or. 567 (13 Pac. 442); *Applegate* v. *Dowell,* 15 Or. 513, 524 (16 Pac. 651); *La Follett* v. *Mitchell,* 42 Or.

465, 472 (69 Pac. 916, 95 Am. St. Rep. 780); 56 Cent. L. J. 2; *Taylor* v. *Taylor*, 54 Or. 560 (103 Pac. 524).

5. The second further reply consists of two parts. One part is to the effect that the judgment referred to was taken while the defendant was acting as plaintiff's attorney. But it is not alleged that he was her attorney after the judgment was entered or at any time subsequent thereto. The defendant was not forbidden to be a bidder at the sheriff's sale; the relation of attorney and client not existing at the time: *Crim* v. *Thompson*, 98 Or. 599 (193 Pac. 448).

6. The other part of this reply is to the effect that while the proceedings on execution were taking place the plaintiff was residing on the homestead, which was her dwelling place and abode, and it is asserted that the property, for that reason, was not subject to levy or sale on execution, and it is alleged that defendant knew of this fact, while plaintiff had no knowledge or notice of the proceedings. But there is no allegation in this reply that at the time of the levy, or at any other time, the plaintiff made any claim to her property as a homestead; nor does she allege that there was no levy, or that for any reason she was prevented from claiming her homestead. In the absence of such a claim, timely made, whether at the time of the levy or afterwards, the plaintiff's land was not a homestead, and was subject to be sold to satisfy the judgment against her: *Stewart* v. *McClung*, 12 Or. 431 (8 Pac. 447, 53 Am. Rep. 374); *Mansfield* v. *Hill,* 56 Or. 400 (107 Pac. 471, 108 Pac. 1007); *Hansen* v. *Jones,* 57 Or. 416 (109 Pac. 868); *Gollnick* v. *Marvin,* 60 Or. 312 (118 Pac. 1016, Ann. Cas. 1914A, 243); *Johnson* v. *Tucker,* 85 Or. 646 (167 Pac. 787); *Paulson* v. *Hurlburt*, 93 Or. 419 (183 Pac. 937). The facts alleged in this reply do not, in any manner, affect

the defendant's title under the sheriff's deed. The demurrer should have been sustained.

7-9. It is contended by the respondent that the proceedings offered by the defendant show that no valid levy of the property was made by the sheriff. But the record shows that this sale was confirmed by the court without objection. In such case, failure to levy on the debtor's property is not, of itself, sufficient to invalidate a sale on execution, as confirmation cures irregularities arising between judgment and sale: *Armstrong* v. *Travis,* 97 Or. 587 (192 Pac. 649). But the respondent contends that a different rule applies in the case of a levy on a homestead. Her position is that, "there being no levy on the homestead, plaintiff never had her day in court, nor an opportunity as a homesteader to make her claim of exemption," and it is argued that a notice of levy is in the nature of process, and is jurisdictional. It is true that the claim of homestead may be made at the time of the levy. But it may be made at any time before sale: *Wilson* v. *Peterson,* 68 Or. 525 (136 Pac. 1187). Plaintiff, therefore, did not lose her right to claim her homestead by the failure, if there was a failure, of the sheriff to make a levy. Besides, the plaintiff had a complete remedy for any injury. She could have objected to the confirmation, upon which the court had full power to set aside the sale, order a levy, with leave to her to make her homestead claim, or to make any appropriate order saving her rights. Section 241, Or. L., regulating the proceedings on confirmation, prescribes that the sale shall be confirmed, "unless * * it shall satisfactorily appear that there were substantial irregularities in the proceedings concerning the sale, to the probable loss or injury of the party objecting."

The failure to make the levy being an irregularity, if it would cause a loss or injury to the plaintiff, she could obtain relief from the court by objecting to the confirmation: *Leinenweber* v. *Brown,* 24 Or. 548 (34 Pac. 475, 38 Pac. 4).

10. Counsel for respondent cites some cases to the effect that confirmation is not an adjudication of the homestead claim: *Krutz* v. *Batts,* 18 Wash. 460 (51 Pac. 1054); *Treptow* v. *Buse,* 10 Kan. 170; *Gapen* v. *Stephenson,* 17 Kan. 613; *McHugh* v. *Smiley,* 17 Neb. 620 (20 N. W. 296); *Best* v. *Zutavern,* 53 Neb. 619 (74 N. W. 81). But an examination of these cases will show that under the statutes of those states the homestead right was more than a privilege and required no claim to be made by the homesteader. Under the cases heretofore cited this court has clearly indicated that the nature of a homestead in Oregon, under the law as it then stood, was not an estate, but a privilege which could be waived by a failure to make a timely claim. The respondent, in her testimony, excuses her failure to make her homestead claim by testifying that she was in California during the proceedings leading up to the sale, and at the time of the sale, and did not know of them. But that is no valid excuse: *Leinenweber* v. *Brown, supra.*

11–13. The appellant's plea of the adjudication of the title in the case of *Crim* v. *Thompson, supra,* is a good plea. That case was tried on its merits upon the pleadings and the evidence in support thereof by the respective parties. Among other questions involved was the validity of the proceedings on execution involved in the instant case. In that case the plaintiff herself assumed the validity of the sale and upon that assumption asked relief, which was that the defendant, the purchaser at the sale, held

the title in trust for her by reason of a trust relation. That title was adjudged to be good and free from any trust. The respondent, however, refers to a clause at the end of the opinion in that case, to the effect that "the suit will be dismissed without prejudice to either party in equity or law, as they shall be advised to proceed." She proceeds upon the theory that by virtue of that clause of the opinion she has the right to relitigate the questions here involved. But this court has no power to dismiss a suit that has been tried upon the merits without prejudice to another suit for the same cause or involving the same issues. Section 411, Or. L., defines the power of the court to dismiss a suit:

"Whenever upon the trial it is determined that the plaintiff is not entitled to the relief claimed or any part thereof, a decree shall be given dismissing the suit, and such decree shall have the effect to bar another suit for the same cause or any part thereof, unless such determination be on account of a failure of proof on the part of the plaintiff, in which case the court may, on motion of such plaintiff, give such decree without prejudice to another suit by the plaintiff for the same cause or any part thereof." Section 411, Or. L.

It will be seen from this section that a dismissal without prejudice can only be made on account of failure of proof on the part of the plaintiff, in which case the court may, on motion of the plaintiff, give a decree without prejudice to another suit. The failure of proof here does not mean a failure to convince the court by a preponderance of the evidence offered and considered, but the failure of proof to make a *prima facie* case: *Haney* v. *Parkison,* 72 Or. 249 (143 Pac. 926, Ann. Cas. 1916D, 1035). And the order is made upon the motion of plaintiff.

14. The respondent claims that the transcript here does not show that the sheriff's deed appearing in the transcript was received in evidence. The order of confirmation and deed were offered together and appear as Exhibit 8. The objection is not well taken. It is also objected that the original deed and not a certified copy of the record thereof in the record of deed was received in evidence and that the execution of the deed was not proved. But we have held that under the sham denial of the reply the deed, being of record, is admitted, and no proof of its execution is required.

It follows from these views that the decree of the lower court should be reversed. A decree will be entered in this court dismissing the respondent's complaint, and adjudging that the defendant is the owner in fee simple of the property involved, as against the respondent, and that the appellant have judgment for his costs in this court and in the court below.    REVERSED AND DECREE ENTERED.

MCBRIDE, C. J., and BURNETT, RAND and COSHOW, JJ., concur.