Submitted on briefs January 28; affirmed March 8, 1932

## BANFIELD *v.* SMALL

(8 P. (2d) 779)

*Walter S. Klein,* of Portland, for appellant.

*Albert L. Gordon,* of Portland, for respondent.

BELT, J. This is a suit for specific performance of a contract to purchase real property. It appears from the complaint that plaintiff and his wife, Marie Banfield, occupied and lived on lot 9, block 5, in Howe's Addition to the city of Portland, as their homestead, continuously until her death on February 2, 1928. On March 26, 1930, the probate department of the circuit court for Multnomah county entered an order whereby this real property was set aside as homestead for the plaintiff, and such order was thereafter affirmed by this court (*In re Banfield's Estate,* 137 Or. 167, 137 Or. 256 (296 P. 1066 and 298 P. 905)). On December 1, 1931, a contract was entered into whereby the plaintiff agreed to sell and defendant agreed to buy the property set aside as a homestead. The defendant refuses to comply with the agreement to purchase the property and asserts that plaintiff has only a life

estate therein, whereas he contracted to convey it in fee simple. Upon refusal of defendant further to plead after his demurrer to the complaint was overruled, the circuit court entered a decree in accordance with the prayer of the complaint.

The sole question for decision is as to what estate a surviving spouse has in a homestead which is set aside under section 11-402, Oregon Code 1930. Whether it is a fee simple or merely a life estate depends entirely upon the construction of the statute: 29 C. J. 1015. Before the enactment of sections 5 and 6, chapter 112, G. L. O. 1919 (sections 225 and 226, Or. L.), relating to the descent and devise of homesteads, it was held in *Wycoff v. Snapp,* 72 Or. 234 (143 P. 902), and *In re Frizzell's Estate,* 95 Or. 681 (188 P. 707), that section 1234, L. O. L. (11-402, Oregon Code 1930), controls in setting aside a homestead to a surviving spouse, and that, under the terms thereof, a fee simple estate is acquired. Also see *Ferguson v. Holborn,* 106 Or. 566 (211 P. 953). After these specific amendments in 1919, it was held in *Leet v. Barr,* 104 Or. 32 (202 P. 414, 206 P. 548), that section 1234, L. O. L. (section 11-402, Oregon Code 1930), no longer controlled. Apparently the legislature was not satisfied with the construction which this court gave to the statute in *Leet v. Barr,* supra, and, therefore, in 1927 (sections 1 and 2, chapter 345, G. L. O. 1927) amended sections 225 and 226, Or. L. (sections 3-205 and 3-206, Oregon Code 1930), by specifically providing:

"* * * that nothing herein contained shall be construed as preventing or limiting the court or judge from setting apart for the widow, widower or minor children of the deceased the homestead as provided in section 11-402, Oregon Code."

Clearly the effect of these amendments made in 1927 is to reinstate the rule as announced in *Wycoff v. Snapp*, supra, in which it was held that, under the provisions of section 1234, L. O. L., now section 11-402, Oregon Code 1930, the surviving spouse acquires a fee simple estate. In *Wycoff v. Snapp*, supra, it is said:

"As this section provides that the property so set apart to the widow 'is her property,' it follows naturally that she takes a fee-simple estate therein capable of alienation as well as of possession and enjoyment * * * ."

We conclude that plaintiff has a fee simple estate.

The judgment of the lower court is affirmed.

Plaintiff is entitled to costs and disbursements.