Argued January 7, affirmed February 11, 1953

# JENNING *v.* JENNING

253 P. 2d 276

*Sidney Teiser,* of Portland, argued the cause for appellant. On the brief was Teiser & Martin, of Portland.

*Robert A. Bennett,* of Portland, argued the cause and filed a brief for respondent.

Before LATOURETTE, Chief Justice, and WARNER, BRAND, TOOZE and PERRY, Justices.

PERRY, J.

This is an action in ejectment.

Plaintiff Ralph Jenning claims title to and right of immediate possession of the real property in controversy as beneficiary under the last will and testament of Bernace A. Jenning.

The defendant Mamie I. Jenning claims title to and the right of immediate possession of the same real property as beneficiary under the will of Fred O. Jenning.

The material facts in this case are that Fred O. Jenning and Bernace A. Jenning were husband and wife, and, on February 28, 1937, Bernace A. Jenning died testate, bequeathing certain personal belongings to her daughter and devising all of the rest, residue and remainder of her property, whether real, personal, or mixed, to her husband Fred O. Jenning during his lifetime, and at his death to her three children, Barbara Jenning, Richard Jenning and the plaintiff, Ralph Jenning. At the time of her death the property in question in this cause was the homestead and stood in the name of the deceased. In addition to the homestead there was a small amount of personal property, insufficient to pay the debts of the deceased, and an undivided one-third interest in real property in the city of Portland.

Bernace A. Jenning's will was admitted to probate on August 3, 1937, and her husband Fred O. Jenning was duly appointed executor. The executor filed his inventory and appraisement on September 11, 1937, and on June 9, 1938, petitioned the court for an order setting apart to himself the homestead, which property is the basis of this controversy. On June 14, 1938 the court made and entered its order setting aside to him the homestead.

On June 21, 1938, the executor filed his final account, and on July 26, 1938, the court entered an order approving the final account, as follows:

"IT IS ORDERED that said final account be and the same is hereby in all respects allowed and

approved, and in accordance with the terms of the Last Will and Testament of said deceased, the said executor is ordered to turn over to Barbara Jenning, daughter of the said deceased, all of the jewelry, diamonds, rings, watch, personal belongings and piano, belonging to said estate; and as to all the rest, residue and remainder of the property belonging to said estate; said executor is directed to turn same over to Fred O. Jenning, for his use and benefit for and during his natural life, in accordance with the terms of said Last Will and Testament of said deceased, and make return thereof to this court.''

Thereafter Fred O. Jenning married the defendant, Mamie I. Jenning, and later died testate, bequeathing to each of his children the sum of one dollar and devising and bequeathing to this defendant all of the rest, residue and remainder of his property, both real and personal, which included the property in controversy.

The cause was tried before the court without a jury, and from an adverse decision the plaintiff appeals.

There is no conflict in the evidence, and, under the facts, it is the contention of the plaintiff that, until Fred O. Jenning renounced his intention to take under the terms of the will of his deceased wife, the court of probate was without authority to set aside to him the probate homestead as a surviving spouse.

■ There is no question that a testator may devise the homestead. § 6-1306, OCLA; *Winslow v. Becker,* 154 Or 336, 58 P2d 620.

■■ The title passing to the devisee is, however, subject to divestment upon application of the surviving spouse to have set aside the probate homestead. *In re Dunlap's Estate,* 161 Or 93, 98, 87 P2d 225. The right

of homestead, often called a probate homestead, is a creature of statute, § 19-602, OCLA, and was created as a matter of public policy to protect the surviving spouse from want due to the misfortune or improvidence of the deceased and should be liberally construed in the interest of the survivor. *In re Frizzell's Estate,* 95 Or 681, 188 P 707.

■ Since the right of homestead is a matter of paramount policy to the welfare of the state in the preservation of the home for those coming within its terms, the people of the state provided:

> "Upon the filing of the inventory the court or judge thereof shall make an order setting apart for the widow, widower * * *, all the property of the estate exempt from execution, according to exemption laws in effect as of date of death of deceased." § 19-602, O.C.L.A.

The words of this statute and the purpose to be accomplished leave no doubt in our minds that the duty to set aside the exempt property is mandatory. *Moody v. Baker,* 142 Or 559, 20 P2d 1069. The mandatory duty upon the court does not arise, however, until the surviving spouse or minor children request that the homestead, with all its exemptions and benefits, be set aside in severalty. And this is true whether the deceased died testate or intestate. *Iltz v. Krieger,* 104 Or 59, 66, 202 P 409, 206 P 550; *In re Potter's Estate,* 154 Or 167, 172, 59 P2d 253.

Therefore, when an application for probate homestead is filed, the court of probate is restricted to a determination of whether the party filing the application is the widow, widower, or if there be no widow or widower, the minor child or minor children of the deceased, that that person has not violated § 16-203,

OCLA, or voluntarily waived the right of homestead, and that the deceased died seized of exempt homestead property.

What effect the action of the applying party would have upon the rights of beneficiaries under the will of the deceased, or the rights of heirs, is a matter that arises subsequent to the absolute right of a probate homestead.

There is no provision of statute in this state which prohibits a surviving spouse from having set aside a probate homestead and also taking under the will of the deceased. However, such a conflict might arise by reason of the terms of the will that the spouse could not receive both, and, having requested the right of homestead, would be declared to have elected as a matter of law and would be barred from taking under the will.

We are not called upon in this case to determine what the effect of the request for homestead had upon the will of Bernace A. Jenning.

The plaintiff has ably argued that a renunciation of all of the rights under the will is necessary before an application for the probate homestead can be made, relying upon the following language:

"The right to the homestead accrued when the widower, Willis E. Potter, renounced the provisions of the will and filed his petition to have the real property set aside as a homestead. It was argued that it became the duty of the probate court to make an order setting aside the homestead when the inventory and appraisement were filed, but we think that until the provisions of the will, containing a devise inconsistent with the claimant's right to claim the right of homestead, were renounced by the claimant, such right was nonexistent." *In re Potter's Estate,* supra at p 172.

Yet this court, in the subsequent case of *In re Dunlap's Estate,* supra, at p 98, speaking of § 6-1306, OCLA, and § 19-602, OCLA, said:

"To give effect to both of these provisions, we are constrained to hold that as to a widow, widower or surviving minor children of the deceased testator, such testator's disposal by will and testament of a homestead to any other person may become effective only when they, that is, the widow, widower or minor children, elect to take under such will and testament.

"When such election is made, it is by virtue thereof and not by reason of the statute that the court is prevented from setting apart such homestead."

The two statements read by themselves, at first blush, seem to be inconsistent, but, analyzing the statement made in *In re Potter's Estate,* this court intended to convey the thought that it was necessary to make an application to the court to set aside the probate homestead and that the court was not at liberty to act until this request was made, as it is clear in *In re Dunlap's Estate,* supra, that the failure to request the probate homestead is an election to take under the will of the deceased, and this prevents the court from setting aside the homestead.

Whatever may be the individual interpretation placed upon the above two cases, so that there may be no confusion in the future, the rule is now laid down that it is the mandatory duty of the court to set aside the probate homestead in the first instance at the request of the widow, widower or minor children and leave to subsequent determination the effect upon the estate of the deceased by this action.

Since the setting aside of a probate homestead grants to the widow, widower or minor children a

fee simple estate (*Banfield v. Small*, 139 Or 134, 135, 8 P2d 779), Fred O. Jenning became the owner in fee simple of the property at the time of his request for the homestead, which fee simple estate, upon his death, passed by his will to the defendant.

And this cause must be affirmed.