Argued June 12, affirmed July 3, 1957

In the Matter of the Estate of Rose Marie Doody, Deceased

VARNER et al *v.* PORTLAND TRUST BANK

313 P. 2d 444

*Harry V. Benson,* Portland, argued the cause and filed briefs for appellants.

*Leo Levenson,* Portland, argued the cause for respondent. With him on the brief was Samuel Jacobson, Portland.

Before Perry, Chief Justice, and Rossman, Lusk, Warner, McAllister and Kester, Justices.

WARNER, J.

James C. Caine, as administrator of the estate of John Doody, Jr., deceased, and Hazel Varner, as the only child and sole heir of the decedent, appeal from a decree of the circuit court denying the petition of the appellants for an order setting aside a certain parcel of real property in the estate of Rose Marie Doody, de-

ceased, as a homestead. The basis for appellants' claim is their assertion that the late John Doody, Jr., was entitled to it as the surviving spouse of Rose Marie Doody, and upon his death his interest therein accrued to the benefit of Mrs. Varner.

Rose Marie Doody died intestate on the twentieth day of December, 1953. She left surviving her husband, John, and four children by a previous marriage, all adults. John Doody, Jr., the husband, was appointed administrator of his wife's estate on December 29, 1953. But before he could qualify, he also died intestate on the third of January, 1954, fourteen days after his wife. He left surviving him, as his only heir, the petitioner, Hazel Varner, an adult daughter, a child of an earlier marriage. No children were born to the Doodys.

At the time of Mrs. Doody's death, and for a long time prior thereto, she owned the property in question by right acquired prior to her marriage to Mr. Doody. The property is known as 1437 S. E. Pine Street, in Portland, Oregon, and was the place of residence and abode of the Doodys at the time of their demise.

John Doody, Jr., because of his death so shortly after his wife's passing, was unable to file a petition in his wife's estate to have the family abode set aside to him as a homestead, if, indeed, such was his intention after his wife died.

The probate of Mrs. Doody's estate was initiated on December 20, 1953, but no inventory of her assets was filed with the court in her estate until April 15, 1954, and long after her widower's death.

On the fourth of February, 1955, John Doody, Jr.'s daughter, Hazel, petitioned the court in the matter of Mrs. Doody's estate for an order setting aside the Pine Street property "to John Doody, Jr. deceased and his

heirs in fee simple" as being the actual abode and homestead of the Doodys during the lifetime of both of them and as the homestead of John Doody, Jr., at the time of his death.

The appellant Caine, as administrator of John Doody, Jr.'s estate, joined in the prayer of Mrs. Varner's petition by filing a petition of the same tenor on March 9, 1954. This was followed by a trial and the decree from whence the appellants appeal.

The claim of the appellants is that the homestead vested in John Doody, Jr., as the surviving spouse as of the date of his wife's death and, therefore, must be set aside as an asset of the widower's estate.

The term "homestead" embraces a variety of conceptions. One of these is an immunity from creditors; still another is the provision of probate codes according to the surviving spouse and minor children, on application, a parcel of land of decedent's estate to be used or expended by the surviving spouse for the maintenance of himself and minor children, if any, and freed from the reach of creditors. The "homestead" carved from decedent's estate is frenquently referred to as a "probate homestead." *Iltz v. Krieger,* 104 Or 59, 65, 202 P 409, 206 P 550; *Brown v. Miles,* 193 Or 466, 479, 238 P2d 761. The element common to all concepts of "homestead" is the protection of the family unit. 26 Am Jur 6, Homestead § 1; *Brown v. Miles,* supra (193 Or 479).

Garnering phrases here and there from statutes bearing on the allowance of homestead exemptions, particularly from the following sections of our code, ORS 116.010, 23.240 and 116.590, appellants attempt to support their unique claim that a surviving spouse is vested with a homestead in the deceased spouse's estate as of the date of his or her death.

We say unique because few sections in our probate code have commanded as much judicial attention and resulted in such firmly-established constructions as have those statutes upon which appellants depend and which relate to the creation of a probate homestead. Were we now to acquiesce in the propositions which appellants propose, it would necessitate a more or less complete reversal of all that we have long before, and we think correctly, said.

1. A homestead exemption was unknown to the common law. 26 Am Jur 9, Homestead § 3. It exists solely by reason of statute (*Hansen v. Jones,* 57 Or 416, 419, 109 P 868), and in this state the provisions therefor are not self executing. *Jenning v. Jenning,* 197 Or 366, 369, 253 P2d 276; *Benedict v. Lee,* 198 Or 378, 387, 256 P2d 507; ORS 23.240, 23.250 and 23.270. The same is true with reference to the provisions giving rise to a probate homestead. ORS 116.010, supra.

2. A homestead, being as it is, purely statutory, gives no greater right than the statute itself creates. *Mansfield v. Hill,* 56 Or 400, 406, 107 P 471, 108 P 1007; *Davis v. Low,* 66 Or 599, 601, 135 P 314.

3. We have heretofore declared that the right of exemption is only one of privilege. *Crim v. Thompson,* 112 Or 399, 410, 229 P 916; *Willamette Collection & Credit Service v. Henry,* 138 Or 460, 464, 7 P2d 261. This privilege is the right to make a timely application for setting aside a probate homestead by following the indicated statutory proceedings. Upon allowance of the application, the survivor's right ripens into a fee simple title to the land so set apart.

More recently, we have spoken to the same subject in *Moore v. Schermerhorn,* 210 Or 23, 308 P2d 180. There we said: "In Oregon the homestead exemption, during the lifetime of the owner, is not an estate but

is a personal privilege which must be claimed to be effective, \* \* \*." (Citing *Crim v. Thompson,* supra)

4. Consistent with our holdings that the right to claim a probate homestead does not create an estate, but a statutory privilege, it is settled law in this jurisdiction that under the statute, on the death of an owner dying intestate, the real property which comprises the homestead residence and abode passes to the heirs of decedent and their title or the title of those who would take under a testamentary devise, if the decedent died testate, is not divested until the homestead is set apart by the probate court. *In re Potter's Estate,* 154 Or 167, 172, 59 P2d 253; *Iltz v. Krieger,* supra (104 Or 66); *Leet v. Barr,* 104 Or 32, 56, 202 P 414, 206 P 548; *Wycoff v. Snapp,* 72 Or 234, 236, 143 P 902; *Jenning v. Jenning,* supra (197 Or 369).

No children were born to the marriage of John and Rose Doody. Therefore, by parity of reasoning, at the moment of Mrs. Doody's death the property in question descended to Mrs. Doody's children of an earlier marriage, subject, however, to the curtesy interest in her husband, John, and subject to be divested by an allowance of a homestead exemption if John made timely application therefor.

5. A "homestead" in legal parlance and aside from sentimental reasons springing from long-time ancestral ownership and uses of certain lands, does not automatically arise and vest in the surviving spouse merely because it was or is a residence of a family. The statutes prescribe a formula for its determination. The acquisition of title to a "probate homestead" when excised from the real property of a decedent's estate ultimately depends upon the concurrence of several things: (1) the act of the proper person or persons in making application for a homestead estate, i.e., the ap-

plication of a person upon whom the statute confers this exclusive right to apply for such an estate; (2) the time when the application can be made; and (3) the value and area of the parcel claimed as exempt. In other words, a probate homestead itself and its enjoyment are creatures of claim and unless exercised by those entitled to do so and at the time and in the manner provided by statute, the probate homestead and its incident of ownership, possession and enjoyment are lost.

The right to claim the privilege of such a homestead is given to those specified in ORS 116.590, supra, and 116.595, and they, alone, are entitled to claim the privilege. *Davis v. Low,* supra (66 Or 560); *Willamette Collection & Credit Service v. Henry,* supra (138 Or 464); *Crim v. Thompson,* supra (112 Or 339). The statute, ORS 116.590, supra, is clear and precise as to who are the beneficiaries to the privilege of a probate homestead when the owner dies intestate. It says: "* * * Such [homestead] exemption *shall not extend to any person other than* a child or grandchild, widow or widower, and father or mother of the deceased owner. * * *" (Emphasis ours.) ORS 116.-595, supra, relates to lands including a homestead area which are devised by the owner. It is of similar import so far as the class of persons who may claim the homestead.

But as we have observed, the statutes relied upon are not self executing and those who are given the privilege must be vigilant else the promise of a fee title to a potential homestead may be forever lost as it has been in the matter at bar.

There must be an application filed in the probate proceeding by one upon whom the statute confers

the right to claim a probate homestead. ORS 116.590 and 116.595, supra. Of the privileged petitioners, it is usually made by the surviving spouse. The claim is initiated by an application filed in the pending estate probate. The need for such application is pointed out in *Jenning v. Jenning,* supra (197 Or 372); *Benedict v. Lee,* supra (198 Or 387); *Brown v. Miles,* supra (193 Or 479); *In re Potter's Estate,* supra (154 Or 172).

It is the filing of the inventory in a given estate that establishes the time when the court is empowered to "* * * make an order setting apart for the widow, widower, * * * all the property of the estate exempt from execution, * * *." ORS 116.010, supra. This is a mandatory duty, but, as said in *Jenning v. Jenning,* supra (197 Or 370): "* * * The mandatory duty upon the court does not arise, however, until the surviving spouse or minor children request that the homestead * * * be set aside in severalty. * * *" Otherwise, the court has no discretion in the matter. *Benedict v. Lee,* supra (198 Or 387); *Brown v. Miles,* supra (193 Or 479). The title which descends to decedent's heirs or devisees is not divested by a claim of homestead "* * * until the homestead is set apart by the probate court: * * *." *In re Potter's Estate,* supra (154 Or 172); *Iltz v. Krieger,* supra (104 Or 66), and once set apart to the petitioning survivor, he or she takes a fee simple title thereto. *Jenning v. Jenning,* supra (197 Or 373). *Banfield v. Small,* 139 Or 134, 135, 8 P2d 779.

Mr. Doody failed to make application for the homestead prior to his death. The record reveals no other survivors of Mrs. Doody who are qualified under ORS 116.590, supra, to apply.

The decree of the circuit court is affirmed. All parties to pay their own costs.