**In the Matter of Edmund R. BELL,**
**Bankrupt.**

No. B-47544.

United States District Court
D. Oregon.

Feb. 16, 1960.

Nathan Weinstein, Portland, Or., for bankrupt.

Edward A. Boyrie, Portland, Or., for trustee in bankruptcy.

KILKENNY, District Judge.

This matter is before the Court on a certificate of review on the petition of the bankrupt for review of the Referee's order limiting the bankrupt's exemption in a certain houseboat to $3,000. The precise question presented is as follows:

> Whether a houseboat, which is the actual abode of the owner, should be classed as a homestead under ORS [1] 23.240 et seq. thereby granting the owner an exemption to the extent of $7,500, or whether it should be classed as a mobile home under ORS 23.164, thereby limiting the exemption to $3,000.

I am of the opinion that the houseboat is a mobile home as mentioned in ORS 23.164. Webster's New International Dictionary, 2nd Edition, defines mobile as, "1. capable of being moved; movable. * * *" A houseboat is not a homestead under ORS 23.240 et seq. A homestead is viewed as a "parcel of land." Varner v. Portland Trust Bank, 210 Or. 658, 661, 313 P.2d 444, 446. A homestead exemption was unknown to the common law, Hansen v. Jones, 57 Or. 416, 419, 109 P. 868; Varner v. Portland Trust Bank, supra, and such a homestead, being purely statutory, gives no greater right than the statute itself creates. Mansfield v. Hill, 56 Or. 400, 406, 107 P. 471, 108 P. 1007; Varner v. Portland Trust Bank, 210 Or. 658, 662, 663, 313 P.2d 444, 446, 447. A houseboat cannot be viewed as land or real property. Therefore, ORS 23.240 et seq. have no application.

Finding no error, the findings and order of the Referee directing the trustee to sell the houseboat and turn over $3,000 of the proceeds to the bankrupt in lieu of his exemption in said houseboat be and the same are hereby affirmed and counsel for the trustee may prepare an appropriate order.

1. Oregon Revised Statutes.