Decided April 24, 1989

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

| | |
|---|---|
| LUIS K. PELISAMEN, JUAN K.<br>PELISAMEN, and JESUS KAIPAT,<br><br>        Plaintiffs,<br><br>      vs.<br><br>LAND COMMISSION OF THE<br>COMMONWEALTH GOVERNMENT, MARIANAS<br>PUBLIC LAND CORPORATION, and<br>NIEVES NEKAIFES,<br><br>        Defendants. | CIVIL ACTION NO. 88-697<br><br><br>ORDER<br>GRANTING SUMMARY JUDGMENT |

Plaintiffs, certain children of Alfredo Pelisamen, have brought this action to quiet title to agricultural homestead 143 (Tract 21964) (hereinafter "the homestead"). Procedurally, this action comes before the court as an appeal from a Determination of Ownership of the homestead issued to defendant Nekaifes by the Land Commission. Defendants, jointly, have now moved for summary judgment.

## FACTS

In 1955 Alfredo Pelisamen, a citizen of the Trust Territory of the Pacific Islands, applied for an agricultural homestead. Thereafter, Pelisamen entered and occupied the agricultural homestead which is the subject of this action. Subsequently, Nieves Nekaifes, who lived with Pelisamen and had

791

four children by him, entered and occupied the homestead property.

Pelisamen died on June 24, 1966. At the time of his death, Pelisamen had not received any agricultural homestead permit, nor any certificate of compliance with the agricultural homestead requirements, nor had he ever filed any designation of beneficiaries to receive whatever rights he had in the homestead.

Nekaifes continued to use and occupy the homestead property after Pelisamen's death. On May 16, 1984 Nekaifes applied for an agricultural homestead for Tract 21964. On September 18, 1985 the Marianas Public Land Corporation (MPLC) issued a quitclaim deed to Nekaifes for the homestead. On May 31, 1988 the Land Commission issued a Determination of Ownership for the homestead property in favor of Nekaifes. It is from this latter determination that plaintiffs now appeal.

### PARTIES TO THIS APPEAL

Plaintiffs have brought this action against Nekaifes, MPLC and the Land Commission pursuant to 2 CMC § 4249. This section reads, in pertinent part, as follows:

> "The complaint shall name as defendants all those persons known to the plaintiff who claim an interest in the property."

It is undisputed that neither MPLC nor the Land Commission claim any interest in Tract 21964. Indeed, the Land Commission, as an administrative agency responsible for

**792**

determining the ownership of land, has never claimed any interest in the homestead property. Plaintiffs apparently named the Land Commission as a defendant because the Commission issued a Determination of Ownership contrary to plaintiffs' claim. When a decision of a court is appealed, the court itself is not and cannot be named as a party on appeal. Naming the Land Commission as a defendant in this case is similarly inappropriate.

Likewise, MPLC does not claim any interest in the homestead property. MPLC has deeded away any and all of its interest in the property and, therefore, cannot be a party to this appeal.

Based upon the foregoing analysis of 2 CMC § 4249 and the interests of MPLC and the Land Commission the court, <u>sua sponte</u>, dismissed MPLC and the Land Commission from this lawsuit.

### SUMMARY JUDGMENT STANDARD

A summary judgment will be granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Com.R.Civ.Pro. Rule 56; <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S.Ct. 2050, 2510, 91 L.Ed.2d 202 (1986). To withstand a motion for summary judgment, the non-moving party must show that there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. Id. at 2511.

### DESIGNATION OF BENEFICIARIES

Plaintiffs contend that Pelisamen's failure to obtain an agricultural homestead permit should not be considered

determinative in this case. For this proposition plaintiffs cite the legislative findings contained in 2 CMC § 4322. Likewise, plaintiffs complain that the failure of the former Trust Territory Government (in its role as predecessor to MPLC) to issue a certificate of compliance with the agricultural homestead requirements to Pelisamen should not be regarded as extinguishing Pelisamen's claim to this homestead. The court, however, declines to rule on these issues because Pelisamen's failure to designate any beneficiary is determinative.

The homestead is an estate **sui generis** governed by the homestead law. 40 AmJur2d, Homestead, § 3, p. 117. Homesteads are purely statutory and give no greater right than the statute itself creates. Re Doody, 313 P.2d 444, 447 (Or. 1957).

At the time of Pelisamen's death in 1966, 67 TTC § 209 read as follows:

> **Transfer of homestead permit—Prohibited.**
> No rights in or to a homestead permit granted under the provisions of this Chapter shall be sold, assigned, leased, transferred or encumbered, except that in the event of the death of a homesteader prior to the issuance of a deed of conveyance, all rights under the permit shall inure to the benefit of such person or persons, if any, as the homesteader shall last designate in writing filed in the District Land Office. In the event no designation has been made by the homesteader as provided in this Section, then the permit shall be revoked, and the land together with all appurtenances thereto, entered thereunder, shall revert to the Government. (This section is now codified in modified form at 2 CMC § 4309).

794

"Except where specific statutory provision is made for inheritance and continuation of the homestead, all rights of the settler are lost by his death. Certainly there can be no succession where there is, in fact, clear and unambiguous statutory direction as to the manner in which a homesteader might designate his successor except upon full compliance with that direction." Norman v. Eskar, 4 TTR 164, 166 (1968).

In this case, Pelisamen died without making any designation of a beneficiary. Therefore, at the time of Pelisamen's death, regardless of whatever rights he had in the homestead property, that property reverted to the government. Since any interest plaintiffs contend to have in the homestead are contingent upon the rights of Pelisamen, summary judgment must be granted in favor of Nekaifes.

Based upon the foregoing, the motion of defendant Nekaifes for summary judgment is hereby GRANTED.

Dated at Saipan, MP, this 24th day of April, 1989.

_____
Robert A. Hefner, Chief Judge